BULKLEY v. THE BIG MUDDY IRON COMPANY et al., Appellants.

1. **Pleading:** " LEGAL CAPACITY TO SUE." The rule that the question of the plaintiff's legal capacity to sue must be raised either by demurrer or by answer, and if not so raised is to be deemed waived, does-not apply alone to cases of infancy, coverture, lunacy and the like. It applies to all cases where the plaintiff though having an interest in the subject of the suit and the relief demanded, does not show a right to appear in court and demand such relief in his own name.

2. **Case Adjudged:** CORPORATION: ACTION AGAINST DIRECTORS FOR FRAUD. Where the petition in a suit brought by a stockholder against certain directors of a corporation for a fraudulent breach of trust in dealing with the corporate property, failed to show either that the corporation had refused to sue or that it was under the control of the defendant, but no objection was made on that score until the case reached this court, Held, that it could not then be sustained, though if made in time it would have been.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

George A. Castleman, H. I. D'Arcy and George A. Madill for appellants.

S. M. Smith and P. C. Bulkley for respondents.

HOUGH, C. J.—The only question raised in this court and not raised in the circuit court, which can be considered by us, is whether the petition in this case states facts sufficient to constitute a cause of action. The suit is brought by a stockholder for an account and recovery of

the value of his stock, alleged to have been rendered worth-less by a fraudulent breach of trust on the part of the directors of the Big Muddy Iron Company in which he had stock. It is contended for the appellants, that inasmuch as it is not alleged in the petition, that the corporation has refused to sue, or that the parties to be sued are in control of the corporation, thereby excusing a request to the corporation and a refusal by it to sue, the petition fails to state a cause of action.

It is well settled that the right to sue for breaches of trust by the directors of a corporation, resulting in injury or loss to the stockholders, is primarily in the corporation, and it should appear from the facts stated in a petition filed by a stockholder, that a right to maintain an action for the wrong and injury set forth in his petition, has accrued to him either by reason of the refusal of the corporation to sue, or because the parties to be sued are in control of the corporation. *Brewer v. Boston Theatre*, 104 Mass. 378; *Heath v. Erie R'y Co.*, 8 Blatchf. 347. But it may well be doubted whether the absence of allegations showing the right of the plaintiff to sue, can be taken advantage of for the first time in this court. The petition, of course, must set forth the facts showing a liability on the part of defendants to an action, but if it fails to set forth all the facts showing that the plaintiff is the proper party to maintain such action, it would seem that under the provisions of our practice act, an objection to the petition based upon such failure should be taken either by demurrer or answer, and if not so taken, it will be deemed to have been waived by defendants. Our statute provides that the defendant may demur to the petition when it shall appear on the face thereof, "that the plaintiff has not legal capacity to sue." R. S., § 3515. And if such fact does not appear upon the face of the petition, such objection may be taken by answer, and if no such objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same. The decisions as to the meaning of the phrase

"legal capacity to sue," have not been uniform in the various states having codes containing the provision above quoted. Legal incapacity to sue, may arise, it is said, from some personal disability of the plaintiff, or from the fact that he has no title to the character in which he sues. Bliss on Code Plead., § 407. An example of the latter class is to be found in *Fuggle v. Hobbs*, 42 Mo. 537, where the plaintiff failed to aver the facts showing his right to sue in a representative capacity, and this court held that as no objection was made either by demurrer or answer, the objection was waived. In some states it is held that the phrase quoted relates only to a legal incapacity, such as infancy, coverture, lunacy and the like. 31 Ind. 315; 11 Kas. 147. But the better opinion would seem to be, that it applies to all cases where the plaintiff, though having an interest in the subject of the suit and the relief demanded, does not show a right to appear in court and demand such relief in his own name. Bliss Code Plead., § 408; *State to use Saline Co. v. Sappington*, 68 Mo. 454. Under this view of the statute the petition is sufficient after judgment, and it is unnecessary for us to examine the facts stated in the petition to see whether they are sufficient to excuse the absence of an allegation that the corporation had refused to sue.

As to the merits of the controversy, we are of opinion, after an extended examination of the record and briefs of counsel, in connection with the opinion of the court of appeals, that no such error has been committed by the circuit court or the court of appeals as would warrant us in reversing the judgment. Some of the statements and inferences of the court of appeals may perhaps be subject to criticism, but believing that substantial justice has been done, we affirm the judgment. The other judges concur.

*On Motion for Rehearing.*

PER CURIAM.—The petition in this case is as follows:

" Plaintiff states that the above named defendant, the Big Muddy Iron Company, is, and has been since the early part of April, 1872, a corporation duly incorporated under the laws of the State of Missouri; that the common stock of said company consists of 1,570 shares, the par value of which is $2 each; that early in the month of May, 1872, said company became duly authorized to issue preferred stock to the amount of five hundred shares; that the par value thereof was $100 each; that only two hundred and ninety shares thereof were sold; that plaintiff was and still is the owner of 100 shares of common stock and thirty shares of the preferred stock, all of which was fully paid up; that the company was doing a very prosperous business up to the 1st day of January, 1873, and had accumulated as profits, between said time of its organization and the 1st day of January, 1873, upwards of $60,000, besides an ore contract with the Pilot Knob Iron Company, and contracts with other companies, worth on said 1st day of January, 1873, the sum of $20,000; that said defendants, the Big Muddy Iron Company, and Thomas O'Reilly, James E. Mills, Thomas J. Whitman, Richard D. Lancaster, Andrew A. Blair, Benjamin White and William Wise, as directors of said company, on said 1st day of January, 1873, corruptly and fraudulently sold all the assets of said company, except the manufactured pig-iron on hand, to the Big Muddy Iron Company, also claiming to be a corporation duly incorporated under the laws of the State of Missouri, and organized, as claimed, but a few days before the date of said sale, a majority of the stockholders and directors of said last mentioned company being also stockholders and directors of said defendant, the Big Muddy Iron Company; that the price for which said assets were sold, as aforesaid, was $156,000, when in fact, said assets at that time were well worth $250,000, which was well known to all the defendants herein when they made said sale for said price of $156,000; that said sale was made against the remonstrance and protest of plaintiff made to all of said

defendants, and in fraud of the rights of the stockholders of said defendant, the Big Muddy Iron Company, and especially in fraud of the rights of plaintiff, and that all said defendants well knew it to be such fraud ; that by reason of said corrupt and fraudulent sale, said stock of plaintiff, both common and preferred, became, and have ever since been, unsalable and worthless, although prior to said sale it was very valuable ; that defendants, nor either of them, ever paid plaintiff for his said stock, common or preferred, or any part thereof, although often demanded ; that the net profits of said defendant, the Big Muddy Iron Company, on hand on said 1st day of January, 1873, amounted to $80,000 ; that defendant, said Big Muddy Iron Company, has no assets.   Plaintiff therefore prays the court to require said defendants to account to plaintiff for the value of the assets on said 1st day of January, 1873, sold as aforesaid, and to pay such sum as may be found due him on account of said stock held or owned by him, as aforesaid, in said Big Muddy Iron Company, and wrongfully and fraudulently converted and appropriated by defendants, as above set forth ; and for such other and further relief as the court may see just and proper."

The answer is as follows :   "The defendants, except the Big Muddy Iron Company, for answer, deny each and every allegation in plaintiff's petition."

The estoppel and laches relied upon by the defendant in this court, not having been pleaded, could not be considered by us.   We stated as much in our original opinion.

The other points made were not overlooked, but they were not discussed, inasmuch as, in affirming the judgment of the court of appeals on the merits, we acted under the provision of the act of the general assembly of March 26th, 1881.