## Nuckels v. Robinson-Pettett Company.

(Decided May 26, 1914.)

### Appeal from Bell Circuit Court.

1. Account—Action—Waiver Filing of Statement.—In an action on account, the record not showing that a motion was made, or rule asked by defendant requiring a statement to be filed, he must be held to have waived that right.

2. Account—Action Upon—Pleading.—Where it is alleged that the account had been proved and allowed by the bankrupt court, a court of competent jurisdiction, in a cause wherein the defendant was necessarily a party, he is estopped on appeal to raise the

question that his demurrer should have been sustained because there was no allegation that the goods were sold at the special instance and request of, or delivered to the corporation.

3.   Action—What One Should Show When Relying on Statute for Right of Recovery.—When one is relying on a statute for a right of recovery, he should show affirmatively that his case does not come within any exceptions set forth in the statute.

4.   Corporations—Exceeding Limit of Indebtedness.—When the articles of incorporation place a limit on the indebtedness which the corporation may incur, to willingly and knowingly exceed the limit is to violate the statute on incorporations.

MARTIN T. KELLY for appellant.

PATTERSON & INGRAM for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The question on this appeal involves the personal liability of the officers and directors of a bankrupt corporation for an indebtedness incurred by them in behalf of the corporation in excess of its charter limits.

Nuckels & Company was incorporated under the laws of Kentucky in May, 1913, to operate a drug store, with permission to incur an indebtedness not to exceed $2,000. The corporation lasted for about six months, or until October, when it was adjudged a bankrupt under the Federal law.

J. Leon Nuckels, appellant, Chesney Asher, and Hettie A. Dougherty were the only incorporators, directors and officers of the company. They bought of appellee $1,158 worth of drugs, no part of which they or the corporation ever paid. During the course of the six months business, these officers and directors incurred for the corporation an indebtedness, so that when it was adjudged a bankrupt it aggregated $5,376. The appellee with the other creditors filed claims with the trustee in bankruptcy, and on a settlement of the estate it was ascertained that the amount coming to appellee was $231, leaving due a balance of $926. This suit was then filed against the above named officers and directors of the company in their individual capacity to recover the balance of the debt of $926. The ground of recovery was that they willingly, and knowingly authorized, and permitted the corporation to become indebted in excess of the amount permitted by the charter, and, under the provisions of section 550 of Kentucky Statutes, appellee

claimed a right to recover of these officers and directors jointly, and severally for the balance of the debt, which they claim is a loss resulting from the violation by the officers of the charter indebtedness limit. Section 550, Kentucky Statutes is as follows:

"If the directors or officers of any corporation shall fail or refuse to comply with, or shall violate any of the provisions of this article, those so failing, refusing, or violating shall be jointly and severally individually liable for any loss or damage resulting to any person from such failure, refusal or violation."

Subsection 8 of section 539, requires all articles of incorporation to state:

"The highest amount of indebtedness or liability which the corporation may at any time incur."

Appellant Nuckels was the only defendant before the court, and demurring to the petition, which being overruled, he refused to plead further. Judgment was then entered against him for the amount claimed. So the only question presented is the sufficiency of the petition.

The first objection is that the action was one on account, and no statement of the account was filed with the petition as an exhibit. The record does not show that appellant made any motion, or asked for a rule requiring that a statement be filed, and therefore he must be held to have waived the right. McGhee v. Sutherland, 84 Ky., 198; Preston v. Roberts, 12 Bush, 570.

Appellant states other reasons why his demurrer should have been sustained. For instance, he says, there is no allegation that the goods were sold at the special instance and request of, or that they were delivered to, the corporation; it is not alleged that they were worth the amount charged, or that the corporation promised to pay for them. If this was a direct proceeding against the corporation to recover against it on the merchandise account there would be much force in these objections, but this suit is based upon a right given by statute to recover against officers of a corporation for an indebtedness they suffered the corporation to incur beyond the amount authorized by law. The petition does state that the corporation purchased the goods under a contract of sale, and that the amount charged was just, due and unpaid. It is then averred that these officers and directors also incurred other indebtedness for the corporation, so that altogether it amounted to more than

$5,000. Then follows the allegation that the corporation was adjudged a bankrupt, and that all of its property and assets were in the hands of the district court of the United States for Eastern Kentucky, and that all the debts and claims including the appellee's were filed therein, their status fixed, and the sums allowed pro rata, and that the amount apportioned to appellee was $231, which is the credit, referred to above, placed upon the whole account. As above indicated, it might be said the allegations are hardly sufficient to support an action on an account against the corporation, but where it is alleged that the account has been proved and allowed by the bankrupt court, a court of competent jurisdiction, in a cause wherein the defendant was necessarily a party, we are of opinion that he is now estopped to raise the question above referred to.

Appellant's next objection is that the petition is fatally defective because it does not say that plaintiff did not know that the corporate indebtedness exceeded the charter limit, or that there was any fraud, or deception practiced in the purchase of the goods. If, in fact, appellee was aware that the corporation had exceeded its charter limit of indebtedness, this should have been alleged by way of defense. When one is relying on a statute for right of recovery, he should show affirmatively that his case does not come within any exceptions set forth in the statute. It will be noticed that the statute in question, does not make any exceptions, though, as a matter of course, if the defendant could show that plaintiff had knowledge that the corporation had exceeded its indebtedness limit when the goods were sold, it would be a good defense, for it would thus appear that the plaintiff was a party to the wrong, and had itself been guilty of violating the corporation laws.

The next objection is that the action was brought at law when it should have been in equity. If this was a suit to recover of the incorporators any unpaid stock subscription, or if a matter of double liability was involved, or a special fund sought which should be equitably divided among all the creditors, why then, as a matter of course, the action should be in equity, and all the creditors could be made parties, but even that question would not be raised on demurrer, for the defendants should move to, or the court of its own motion should transfer it to the equity docket. In this case, however,

no such questions are involved. From the bankruptcy adjudication it is not presumed that the corporation has any assets, or at least none subject to the jurisdiction of this court. This is a plain suit to recover of the officers and directors of the corporation for their wilful viola-tion of the corporation laws in permitting an excessive indebtedness, and the statute plainly fixes a joint and several liability against them to any person who shall suffer loss or damage by reason thereof. The creditors are not required to join, for each has an independent right of action. That such right of action exists is no longer an open question in Kentucky. The case of Ran-dolph v. Ballard County Bank, 142 Ky., 145, is directly in point, and has definitely settled the proposition. The bank, creditor of a defendant corporation, was allowed to recover of Randolph, a director, the balance of a note, being part of indebtedness incurred by the directors in violation and in excess of the charter limit. The court held that "when the articles of incorporation place a limit on the indebtedness which the corporation may incur, to exceed the limit is to violate the chapter on in-corporations, as it would be to engage in a business not authorized by its charter, or the statute." This rule was approved in the later case of Croninger v. Bethel Grove C. G. Assn., 156 Ky., 357.

Perceiving no prejudicial error in the ruling of the lower court, the judgment is affirmed.