[Civ. No. 2374.   Third Appellate District.—November 22, 1921.]

UNITED STATES FARM LAND COMPANY (a Corporation), Respondent, v. R. F. BENNETT, Appellant.

[1] PLEADING — PARTIES — CORPORATION AND INDIVIDUAL DEFENDANT — AMENDMENT OF COMPLAINT — STATEMENT OF CAUSE OF ACTION SOLELY AGAINST INDIVIDUAL—EFFECT OF.—A cause of action alleging that the indebtedness sued for was incurred by a corporation and an individual defendant was not changed by the filing of an amended complaint alleging that the indebtedness was incurred by the individual defendant alone.

[2] CORPORATIONS — DEBTS OF CORPORATION — INDIVIDUAL LIABILITY OF DIRECTORS.—In view of section 309 of the Civil Code, which provides that the directors of a corporation must not create any debts beyond their subscribed capital stock, and that when they do so they are liable as individuals to creditors to the full amount of the debt contracted, the president and director of a corporation which has issued no capital stock is liable for debts contracted by him in the name of the corporation.

[3] ID.—ASSUMPTION OF OFFICIAL CAPACITY—CONDUCT OF CORPORATE BUSINESS FOR INDIVIDUAL BENEFIT — FINDING — SUFFICIENCY OF EVIDENCE.—In this action for goods sold and delivered to an individual assuming to act as the director and president of a corporation, the evidence supports the finding that the corporate business was wholly controlled and run by and under the direction and for the sole benefit of the defendant.

APPEAL from a judgment of the Superior Court of Madera County.   W. M. Conley, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Ford & Bodkin and Leon R. Yankwich for Appellant.

Butler & Van Dyke for Respondent.

FINCH, P. J.—This appeal is from the judgment herein in favor of the plaintiff for $7,780.94 on account of goods, wares, and merchandise alleged to have been sold and delivered to defendant by the plaintiff and its assignors. The original and the second amended complaints were against the

2.  Character of "debts" of corporation for which directors are liable, notes, 12 Ann. Cas. 807; Ann. Cas. 1914B, 152.

Chowchilla Creamery Company and R. F. Bennett and A. L. Gambrill. The original complaint does not appear in the record. The second amended complaint alleges that the "Chowchilla Creamery Company is and at all times herein mentioned was a corporation." There is no allegation that Bennett and Gambrill held any official position in the creamery company. By the third amended complaint, which makes Bennett the sole defendant, it is alleged that Bennett "caused to be prepared and filed in the office of the county clerk of Madera County, California articles of incorporation of what was designated as 'Chowchilla Creamery Company,' and thereafter caused such further proceedings to be had to that end that on the 9th day of June, 1916, a certificate of incorporation" was issued by the Secretary of State; that the articles of incorporation named three persons as directors and subscribers to one share each of the capital stock; that the authorized capital stock was two thousand shares of the par value of ten dollars per share; that no shares of stock were ever issued and no meeting of the stockholders was ever held; that the persons named as directors in the articles of incorporation never met or organized; that no other directors were ever elected, "but that shortly after the issuance of said certificate of incorporation, defendant R. L. (F.) Bennett and one A. L. Gambrill assumed to act as directors of said corporation, said Bennett assuming the title of 'president' and said Gambrill assuming the title of 'secretary-treasurer'; that from the date of the issuance of said certificate of incorporation . . . up to about a month prior to the commencement of this action, the defendant, Bennett, carried on the usual business of a creamery at Chowchilla . . . under the name and style of 'Chowchilla Creamery Company'; that defendant . . . furnished all the money used in running said business and said business was wholly controlled and run by and under the direction and for the sole use, benefit and behoof of the defendant. . . . that . . . this plaintiff and its assignors hereinafter mentioned extended credit to said Bennett, and furnished the goods, wares and merchandise to him as hereinafter set forth, in total ignorance of the fact that said so-called Chowchilla Creamery Company was not in law or fact a corporation." The complaint further alleges that the defendant used the cor-

porate name with intent to defraud the plaintiff and its assignors and for the purpose of inducing them "to give credit to said pretended corporation," but the court found that the defendant did not so use such corporate name with the intent to defraud and the allegations of fraudulent intent need not be further noticed.  The court found the other facts substantially as alleged in the complaint and "that said corporate name and style was employed by said defendant for the purpose of conveniently conducting his said business at said place and that said defendant was never an officer of said pretended corporation nor a stockholder thereof nor authorized in any manner to conduct business for said pretended corporation, all of which defendant well knew and that in fact defendant was conducting his own personal and private business under the name and style of Chowchilla Creamery Company," and that "said A. L. Gambrill assumed to act as a director and as secretary-treasurer of said pretended corporation at the request of defendant and that said Gambrill was not a director and was not secretary-treasurer and was not a stockholder."

[1]  There was no error in permitting the plaintiff to file the third amended complaint.  The cause of action was not changed thereby.  In the second amended complaint the plaintiff mistakenly alleged that the indebtedness was incurred by the corporation and the defendant.  The third amended complaint alleges that the same indebtedness was incurred by the defendant alone.  In *Walsh* v. *Decoto*, 49 Cal. App. 737 [194 Pac. 298], the original complaint was against the Blue Taxicab Corporation as sole defendant. The complaint alleged that such defendant was a corporation.  About two years after the commencement of the action the court permitted the plaintiff to file an amended complaint substituting Decoto as defendant in place of the Blue Taxicab Corporation.  In affirming the judgment the court said: "The only question involved in the appeal is whether or not the trial court had authority to substitute Mr. Decoto personally for the Blue Taxicab Corporation in the action.  The substitution was made admittedly long after the statute of limitations would have run against Decoto had no action been commenced thereon. . . . The substance of the matter is the real thing to be considered;

and we do not think that a defendant who does business under a trade name by which, although no deceit is necessarily intended thereby, a party injured is misled to the loss of his cause of action, should be heard to say after service upon him personally and with full notice of the situation, that the action had been begun in the wrong name, and should therefore be abated.'' A hearing in the supreme court was denied. (See, also, *Thompson* v. *Southern Pac. Co.,* 180 Cal. 730 [183 Pac. 153].) ''There is no law of this state which prevents the use of a trade name by an individual, and in the absence of any such prohibition an individual may conduct business under any designation he sees fit.'' (*Willey* v. *Crocker-Woolworth Nat. Bank,* 141 Cal. 513 [75 Pac. 106].)

[2] If it be conceded, as contended by the defendant, that the Chowchilla Creamery Company was a corporation, *de jure* or *de facto,* and that the defendant was a director and president thereof, the defendant would still be liable. Section 309 of the Civil Code provides that the directors of a corporation must not ''create any debts beyond their subscribed capital stock'' and that when they do so they ''are, in their individual or private capacity, jointly and severally liable . . . to the creditors thereof, to the full amount of the . . . debt contracted.'' Since there was no capital stock subscribed in this case, the liability imposed by section 309 would extend to the whole indebtedness. The evidence shows without conflict that the defendant acted as director and president without any authority from the corporation, whatever its character, and having contracted debts in the name of the corporation in his assumed official capacity, the defendant cannot be heard to deny and does not deny that he so acted as director and president, but he maintained at the trial and now contends that the corporation had at least a *de facto* existence and that his acts are binding upon the corporation. If the corporation is so bound, then the defendant is liable under the provisions of section 309 for the debts contracted in violation of that section. The complaint contains all the allegations necessary to state a cause of action against the defendant as director under the section cited. That section was evidently enacted for the protection of persons entering into contracts with corporations. It would not be practicable for every such person to make

investigation to ascertain what amount of capital stock had been subscribed before extending credit in ordinary business transactions. "The capital stock constitutes the basis of credit of the corporation, and persons dealing with the corporation have a right to assume that the stock has been actually paid in, or that it may be reached for corporate debts." (7 R. C. L. 198.)

[3] Appellant attacks, as unsupported by the evidence, the finding that "said business was wholly controlled and run by and under the direction and for the sole use, benefit and behoof of the defendant . . . and that said corporate name and style was employed by said defendant for the purpose of conveniently conducting his said business . . . and that in fact defendant was conducting his own personal and private business under the name and style of Chowchilla Creamery Company." The evidence was conflicting on the issue so found and it is sufficient to ascertain whether there is substantial support for the finding. A. L. Gambrill, called by the plaintiff, testified that he acted as secretary of the corporation at the request of defendant from the time when the creamery was under construction; that he did not know that he had ever been elected secretary by any board of directors; that the defendant arranged for the payment of the secretary's salary; that no shares of capital stock were ever issued; that no meeting of the board of directors was ever held, but that defendant and the witness talked matters over; that what purports to be the minutes of a meeting of the board of directors was made up and signed by defendant and the witness, as president and secretary, respectively, but that no directors were present at such meeting; that the defendant suggested that the witness and a Mr. Young each take a one-third interest in the creamery with him; that the defendant said he had invested twelve thousand dollars in the business; that witness did not know whether any other person ever invested any money in it. It appears that the persons named in the articles of incorporation as directors resigned before any business was transacted and no other directors were ever elected. The creamery first constructed was destroyed by fire and a new one was built. Thereafter, financial difficulties were experienced and on November 28, 1917, the defendant wrote O. A. Robertson, president of plaintiff corporation, who had

induced the defendant to organize the creamery in the first place, as follows:

"Los Angeles, Cal., Nov. 28, 1917.

"Mr. O. A. Robertson,

"Dear Sir:

"Probably your Mr. Kildahl has explained to you the trouble of the creamery. Now, when the place burned down there was plenty of money and resources left to pay everything in full; and about $3,000 surplus as part of my investment. I was not intended (intending?) to build, as I knew positively that Chowchilla should have cold storage and ice plants, as it is essential to the life of that town, and would be the best paying business that could be started there. It should be a large concern; but when I went up to Chowchilla I was met by Mr. Gambrill and Mr. Young. They said they would take one-third each if I would build. I was to allow the assets then on the ground, amounting to about $3,000; Mr. Gambrill to put in $2,000 cash, Mr. Young to put in $2,000 in building material, as he said he had no ready cash at that time. So I turned over the management of the creamery to them. It was agreed, as Mr. Gambrill was Secretary, that he would fix up the stock, as it was all in his possession. Now, as soon as the creamery was built, Young came and put an attachment on creamery for his bill. Gambrill don't put any money. That is just what they have done. I kept writing Gambrill to divide the stock, but he kept putting it off until the whole thing fell through. Those goods could be furnished from other sources without any trouble, but for the above agreement.

"Now, Mr. Robertson, I have put in about $9,000.00 there. I am willing to drop that. Your company takes that plant over, enlarges as I have outlined, and it will be one of the best paying businesses in the country. If you send me a paper by your attorney through Mr. Kildahl I will sign over any claims I have.

"(Signed)    R. F. Bennett."

A fair inference from the foregoing letter, together with the other evidence before the court, is that the defendant owned and controlled the business conducted and the property held in the name of the corporation and that "he was virtually the corporation itself, or, as the cases put it, the corporation was his 'corporate double'." (*Deming* v. *Maas*,

18 Cal. App. 337 [123 Pac. 204].)   While the defendant gave testimony which would have supported a contrary finding, it cannot be said that the finding made is not supported by the evidence.

Objection was made to the introduction in evidence of the assignments to the plaintiff of the many claims of creditors against the defendant. They were all in the same form except as to the names of claimants and amounts. One of them, Plaintiff's Exhibit No. 1, is as follows:

"Chowchilla, Cal., Nov. 16, 1917.

"I hereby assign to United States Farm Land Company, a corporation, all my claims against Chowchilla Creamery Company.   Amount $17.29.

"R. B. WOODWARD."

Appellant contends that the subject matter of the assignment is not "described with such particularity as to identify it." The only objection made at the trial, however, was that "there is nothing there to indicate that it is an assigned claim against the defendant, R. F. Bennett." The assignment sufficiently identifies the subject matter. (*Thomas* v. *Fursman*, 39 Cal. App. 281 [178 Pac. 870].) It was stipulated that the amounts claimed were due the respective claimants, the only contention being that such amounts were not due from the defendant. The assignments were made prior to the discovery by the plaintiff and its assignors that the appellant was liable for the indebtedness. If the defendant conducted his private business under the corporate name, he is in no position to object that such name was used in the assignments. If, as defendant contends, he was acting only as an officer of the corporation, then the use of the corporate name in the assignments was proper and he is liable under the provisions of section 309 of the Civil Code.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition for rehearing of this cause was denied by the district court of appeal on December 22, 1921, and the following opinion then rendered thereon:

THE COURT.—Appellant asks for a rehearing on the ground that the opinion filed herein erroneously holds that

the defendant is liable in an action at law under the provisions of section 309 of the Civil Code.

The trial court found that the defendant owned and controlled the business conducted under the name of the Chowchilla Creamery Company and that the same was his own personal and private business. This court held that such finding is supported by the evidence and therefore affirmed the judgment. The opinion further states that, if it be conceded that the Chowchilla Creamery Company was a corporation and that the appellant was a director and president thereof, he would still be liable under the provisions of section 309 of the Civil Code. This statement was made in view of the particular facts of this case. Since there was no subscribed capital stock, the liability of the directors would extend to the whole indebtedness and there would be no necessity of resorting to an action in equity for the purpose of taking an accounting and apportioning any recovery which might be had among the creditors. "Where the statute imposes upon a stockholder or director a liability for all the debts of the company, . . . then each creditor has his remedy against the corporation and the director, and there is no more reason for allowing him to, come into equity to enforce it against the director than for allowing him to enforce it in equity against the corporation." (*Bauer* v. *Parker*, 82 App. Div. 289 [81 N. Y. Supp. 995].) "Unless a particular remedy is prescribed by statute, the form of the remedy, whether by action at law by each creditor against one or more stockholders or officers, or by bill in equity in which all persons in interest or to be affected are made parties, is made to depend upon the character of the liability. If its object is to create a common fund, limited in amount, for the benefit of all creditors of a particular class, so that if one were allowed to proceed alone he might exhaust the fund or get more than his share; or if the liability was only for the deficiency of corporate assets, or only for the excess of debts contracted over the amount permitted by the charter, so that an accounting is necessary; or if for any similar reason an action at law would be inadequate to furnish a complete remedy or protect the rights of all persons interested,—the courts have generally held, in the absence of any express statutory provision, that a suit in the nature

of a bill in equity, bringing in all interested parties, must be resorted to. . . . But no such reason obtains here. The liability of each director is unlimited, except by the amount of the corporate debts which fall within the terms of the statute. What one creditor may collect will not reduce the amount which another may recover. No accounting is necessary in order to ascertain the amount of the deficiency of corporate assets, for the creditor is not bound to resort to them first, nor is his recovery limited to the extent of such deficiency. In fact, a direct action by any creditor against any director not only furnishes an adequate remedy, but it interferes with the rights of no one else.'' (*Patterson* v. *Stewart,* 41 Minn. 84 [16 Am. St. Rep. 671, 4 L. R. A. 745, 42 N. W. 926]. See, also, *Flash* v. *Conn,* 109 U. S. 371 [27 L. Ed. 966, 3 Sup. Ct. Rep. 263, see, also, Rose's U. S. Notes]. *Nuckels* v. *Robinson-Pettett Co.,* 159 Ky. 214 [166 S. W. 972]; *Thompson* v. *Greeley,* 107 Mo. 577 [17 S. W. 962]; *Flour City Nat. Bank* v. *Wechselberg,* 45 Fed. 547.) Of course, in a case where capital stock has been subscribed, resort must be had to an action in equity to enforce the liability of directors under the provisions of section 309.

Rehearing denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 19, 1922, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing of this case in the supreme court is denied.

The last sentence of the opinion of the district court of appeal, to the effect that the defendant Bennett ''is liable under the provisions of section 309 of the Civil Code,'' should not be understood to mean that a single creditor can sue a director in a simple action for a money judgment, but merely to mean that the director is liable under that section, without attempting to state the form of action by which his liability can be enforced. There are decisions indicating that a single creditor cannot proceed except by a bill in equity on behalf of himself and all the other creditors of

the corporation. The question as to the form of action is, as we understand the opinion, left open and undecided.

Shaw, C. J., Lawlor, J., Sloane, J., Wilbur, J., Lennon, J., Shurtleff, J., and Waste, J., concurred.