[Civ. No. 7758. First Appellate District, Division One.—September 26, 1931.]

JANE R. ROBINSON, Appellant, v. GEORGE W. FARNSWORTH et al., Respondents.

L. L. James and Edgar H. Rowe for Appellant.

Thos. M. Foley for Respondents.

TYLER, P. J.—Suit to enforce liability against corporation directors.

The complaint alleges that in the month of April, 1927, defendants were directors of the Pickwick Spark Plug Co., a corporation, and at that time they incurred an indebtedness on behalf of the corporation in excess of its subscribed capital stock. This action was brought to enforce such liability.

It was defendants' contention in the court below that the statute (Civ. Code, sec. 309) upon which the action was based had been repealed, and ·that the liability of directors for

such an act therefore no longer existed. At the close of plaintiff's case, a motion for a nonsuit was made on the ground stated. The trial court granted the motion and judgment went for defendants. From such judgment this appeal is prosecuted.

█ It is now conceded by respondents, as indeed it must be, that section 404 of the Civil Code contains, as claimed by appellant, a general saving clause preserving the rights to creditors, accruing under the repealed section prior to its repeal. It is not disputed that the liability here sought to be enforced was thus created. Hence, under its provision, the repeal of section 309 of the Civil Code in 1929 (Stats. 1929, p. 1266) did not abate or impair plaintiff's alleged cause of action. (See *Western Mortgage & Guaranty Co. v. Gray,* \*(Cal. App.) 291 Pac. 670; *Peterson v. Ball,* 211 Cal. 461 [74 A. L. R. 187, 296 Pac. 291].) █ Respondents, however, now contend for the first time on appeal, that an action of this character should be in the form of a creditor's bill in equity rather than in the form of an individual or private action, for which reason the nonsuit was properly granted. The repealed statute imposed a liability against directors of corporations for incurring debts beyond their subscribed capital stock. The statute provided in express terms that such directors were in their individual and private capacities, jointly and severally liable to the corporation and to the creditors thereof, to the full amount of the debt contracted.

In construing statutes of a like character, some of the courts have held that the remedy is in equity on the trust fund theory, and that all the creditors should be made parties. Other courts adopt the view that the remedy is at law, and the liability imposed may be enforced by any one creditor without requiring other creditors to be made parties, the directors being jointly and severally liable. A full discussion of this question and a review of the authorities is to be found in Thompson on Corporations, volume 2, third edition, section 1481 et seq. (See, also, *United States*

---

\*REPORTER'S NOTE.—A hearing was granted by the Supreme Court in the case of *Western Mortgage & Guaranty Co.* v. *Gray,* on October 23, 1930. The final opinion of the Supreme Court, filed March 1, 1932, is reported in —— Cal. —— [8 Pac. (2d) 1016].

*Farm Land Co.* v. *Bennett,* 55 Cal. App. 306, 307 [203 Pac. 794], where many cases are cited.) We are not called upon to discuss or pass upon this question as respondent is in no position to raise the same. No question of the capacity of the plaintiff to sue was raised in the court below, either by demurrer or answer. It cannot be taken advantage of for the first time in the appellate courts. (*Bulkley* v. *Big Muddy Iron Co.,* 77 Mo. 105; *Woodbury* v. *Nevada Southern R. Co.,* 120 Cal. 463 [52 Pac. 730].) Moreover the record does not disclose that there are any other creditors. None are here, if there be any, raising any such question.

Respondent urges the further point, also for the first time on appeal, that plaintiff is estopped from prosecuting the action for the reason that she knew only five shares of the corporation had been subscribed to at the time the liability was incurred. No element of estoppel is here involved.

The judgment is reversed.

Knight, J., and Cashin, J., concurred.