[L. A. No. 244.   Department One.—March 31, 1898.]

R. W. WOODBURY, Respondent, v. NEVADA SOUTHERN RAILWAY COMPANY, Appellant. METROPOLITAN TRUST COMPANY OF NEW YORK, Codefendant.

CREDITOR'S BILL—OBSTRUCTION OF EXECUTION—RECEIVER—JURISDICTION— VENUE.—A creditor's bill to remove a fraudulent mortgage recorded in another county, as an obstruction to execution against the property of the defendant in such other county, may be brought in the county of the residence of the defendant, the superior court of which had jurisdiction of the original actions in which such property was attached by the creditors, and a receiver may be appointed in such

action to take charge of the property, and to sell it for the purpose of satisfying the judgments rendered by that court, and to satisfy other liens thereupon, which have passed into judgment. The provisions of the constitution requiring actions for the enforcement of liens upon real estate to be commenced in the county in which such real property is situated do not apply to such creditor's bill.

ID.—MORTGAGE UPON RAILWAY—PLEADING—DEFECTS IN EXECUTION—CANCELLATION.—Where the complaint alleged that the mortgage executed by the defendant railway company was executed without authority of law, and not in accordance with the forms prescribed by law, a judgment canceling the mortgage is in accordance with the allegations of the complaint; and an averment that all of the bonds, with certain exceptions, were issued without any consideration, and that the holders thereof are not *bona fide* holders, does not impair the averment that the mortgage or deed of trust was illegally issued.

ID.—WAIVER—DEFECT OF PARTIES.—Any defect of parties is waived by the appellant by not demurring upon that ground.

ID.—DEED BY RECEIVER—CONFIRMATION OF SALE—JUDGMENT.— A direction in the judgment to the effect that after the confirmation of the sale the receiver should forthwith execute a deed will not be assumed to import that he shall execute it before he is authorized by law so to do; and such direction in the judgment is not available to the judgment debtor upon appeal for the purpose of impairing the sufficiency of the judgment directing the sale.

APPEAL from a judgment of the Superior Court of Los Angeles County.  B. N. Smith, Judge.

The facts are stated in the opinion of the court.

A. B. Hotchkiss, for Appellant.

H. C. Dillon, and Otis, Gregg & Hall, for Respondent.

HARRISON, J.—The plaintiff began an action in the superior court of Los Angeles county against the appellant upon a money demand, and caused a writ of attachment to be issued therein directed to the sheriff of the county of San Bernardino, under which he levied upon certain real and personal property of the defendant in that county.  Prior thereto, under a writ of attachment issued in another action against the same defendant, the sheriff had taken the property into his possession, and was in the possession thereof at the commencement of the present action.  Judgment was afterward rendered in the plaintiff's action in his favor and an execution issued thereon was returned unsatisfied.  Sundry other creditors of the appellant also began actions against it and

obtained judgments in their favor which were subsequently as-
signed to the plaintiff. In addition thereto certain persons filed
with the county recorder of the county of San Bernardino claims
for mechanics' liens upon a portion of the property of the railway
company, and afterward assigned their claims to the plaintiff,
who instituted actions thereon in that county, in which judg-
ments were rendered foreclosing the liens and directing a sale
of the property. Before any of these actions were commenced,
the railway company had executed a mortgage or deed of trust
to its codefendant, the Metropolitan Trust Company of the city
of New York, upon all of its property, for the purpose of secur-
ing the payment of bonds issued by it to the amount of a million
and a half of dollars, and this mortgage or deed of trust was
recorded in the office of the county recorder of the county of
San Bernardino. In the complaint and supplemental complaint
herein the plaintiff sets forth the foregoing facts, and also alleges
that the said mortgage or deed of trust, and the bonds for whose
security it was issued, were fraudulent and void, and he asked
judgment herein for the appointment of a receiver to take charge
of the property and sell the same under the direction of the court
in satisfaction of the claims against the railway company accord-
ing to their priority, as the same should be ascertained by the
court. Judgment by default was rendered against the defend-
ants in accordance with the prayer of the complaint, and from
this judgment the railway company has appealed, upon the
ground that, as the property is situated in the county of San
Bernardino, the superior court of the county of Los Angeles has
no jurisdiction of the subject matter of the action.

The action herein is in the nature of a creditor's bill to remove
an obstruction to the enforcement of the judgments in favor of
the plaintiff against the railway company, which exists by reason
of the mortgage made by it to its codefendant, and which the
plaintiff alleges was fraudulent and void as against him. The
superior court of Los Angeles county had jurisdiction of the
original action against the railway company, and in that action
the property in question was taken into its custody by the sher-
iff of the county of San Bernardino, under the writs of attach-
ment and of execution issued therein, and, as the court is au-
thorized to direct the sale of this property for the purpose of

satisfying the judgments which it has rendered, it has jurisdiction to prevent or remove any obstruction which the judgment debtor may seek to place in the way of enforcing such judgments. The same question was presented in *Beach v. Hodgdon*, 66 Cal. 187, and the court there said: "This is not an action to enforce a lien upon certain property, but a bill in aid of execution to set aside two certain conveyances made by the execution debtor, upon the ground that they were fraudulently executed. Therefore, the provisions of the present constitution requiring actions for the enforcement of liens upon real estate to be commenced in the county in which such real property is situated do not apply."

The judgment that the mortgage issued by the appellant was fraudulent and void, and directing its cancellation, is in accordance with the allegations of the complaint. The plaintiff alleges that it was executed without authority of law, and not in accordance with the forms prescribed by law. The averment that all of the "bonds," with certain exceptions, were issued without any consideration, and that the holders thereof are not *bona fide* holders, does not impair the averment that the mortgage or deed of trust was illegally issued. The trustee named in the deed of trust suffered default, and has not appealed. Any defect of parties was waived by the appellant by not demurring upon that ground.

It is unnecessary to determine whether the court could direct the receiver to issue a deed of the property immediately upon the receipt of the purchase price. The direction in the judgment is that "after the confirmation of the sale" he forthwith execute the deed. We will not assume that he will execute the deed before he is authorized by law so to do. If the court had no authority to direct that it be executed before the expiration of six months from the sale, his deed prior to that time will be ineffective. The purchaser will be interested in having it executed at the proper time, but the direction in the judgment is not available to the judgment debtor for the purpose of impairing the efficiency of the judgment directing the sale.

The judgment is affirmed.

Garoutte, J., and Van Fleet, J., concurred.

Hearing in Bank denied.