[Civ. No. 601.   Third Appellate District.—January 27, 1910.]

## CHESTER E. ROBINSON, Respondent, v. CHARLES M. WILLIAMS, Appellant.

VENUE—ACTION AFFECTING REAL ESTATE—CANCELLATION OF CONTRACT
OF PURCHASE—FORFEITURE OF PAYMENTS.—An action to cancel a
contract of purchase for nonpayment as provided, and to declare
the payments made to belong to the plaintiff, and to have it deter-
mined that defendant has no right, title or interest in and to any
of the lands and premises described in the contract, and that
plaintiff is the owner and entitled to the possession thereof, is
an action involving the determination of a right or interest in
real property, which must be tried in the county where the real

property is situated, as provided in section 392 of the Code of Civil Procedure.

ID.—PURPOSE OF COMPLAINT.—The real purpose of the complaint is to have it declared that the contract to purchase the land is no longer operative, and that defendant has no further claim to a conveyance.

ID.—EFFECT OF ACTION—CANCELLATION OF CLOUD UPON TITLE.—In effect the action is one to have it adjudged that a written instrument in respect to which there is a reasonable apprehension that if left outstanding it may constitute a cloud upon the property and thereby injure the plaintiff, be canceled and all rights thereunder foreclosed.

ID.—DETERMINATION OF RIGHT TO RETAIN PAYMENTS A MERE INCIDENT. The determination of the right of plaintiff to retain the payments made is a mere incident to a judgment declaring the agreement is annulled for failure of defendant to comply with its terms, and does not make the action twofold, or unite a real or local, and a personal or transitory action in the complaint.

ID.—NATURE OF ACTION—ASSIGNEE OF VENDOR NOT ENTITLED TO DECREE RETAINING MONEY.—The nature of an action is to be determined by the relief that can be granted under the complaint. Where the action is by the assignee of the vendor, the question whether plaintiff's assignor could maintain an action to have it determined that he is entitled to keep the money, need not be passed upon, where the complaint shows no right to a decree that plaintiff is entitled thereto.

ID.—CONVEYANCE TO PLAINTIFF NOT CARRYING RIGHT TO MONEY— PRAYER OF COMPLAINT DISREGARDED.—The conveyance of the land to the plaintiff would not operate to transfer any right to the moneys theretofore paid by defendant as purchaser to the grantor; and the prayer of the complaint by the grantee in reference to the right to retain the money may be disregarded.

APPEAL from an order of the Superior Court of Kings County refusing to change the place of trial. John G. Covert, Judge.

The facts are stated in the opinion of the court.

Frank G. Finlayson, for Appellant.

E. O. Edgerton, and H. P. Brown, for Respondent.

BURNETT, J.—The appeal is from an order denying defendant's motion for a change of venue to the county of Los Angeles. The action was begun in Kings county wherein is

located the real property in controversy. Defendant, at the time of the commencement of the action, resided and ever since has resided in the said county of Los Angeles and his contention is that the case is one where the defendant is entitled to have the cause tried in the county of his residence.

The decision depends upon the proper application of sections 392 and 395 of the Code of Civil Procedure to the scheme of the complaint. The former provides that "Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial as provided in this code: 1. For the recovery of real property or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property," etc., and, according to section 395, "In all other cases, the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action." It follows, therefore, and it is conceded, that if the gist of the action involves the determination in any form of a right or interest in or to the said real property the order of the court below denying the motion must be affirmed.

The complaint sets forth a written agreement, of date June 1, 1906, executed by the defendant and plaintiff's assignor, one F. E. Robinson. Therein said Robinson agreed to sell to defendant the said real property for the sum of $10,000, payable as follows: $1,010 upon the execution and delivery of the agreement (receipt of which by the vendor was acknowledged in said agreement) and the balance in six annual installments. Of these installments $1,398 was payable on or before September 1, 1907. It was also provided in said agreement that in the event of the vendee's failure to comply with its terms the said agreement, at the option of the vendor or his assigns, should become void and the vendor should be thereupon released from any obligation to convey said property "or to refund any of the payments theretofore made under this agreement, but second party shall thereby forfeit all right to said conveyance and to said payments."

It is further alleged: "That there became due by the terms of said contract from said defendant, Charles M. Williams, to said F. E. Robinson, on the 1st day of September, 1907, the sum of $1,398.00, together with interest thereon at the rate

of seven per cent per annum from the 1st day of June, 1906, to the 1st day of September, 1907. That said F. E. Robinson demanded of Charles M. Williams the payment of said $1,398.00, together with interest as aforesaid, from the said 1st day of September, 1907; but notwithstanding said demand, said defendant, Charles M. Williams, failed and refused, and ever since has failed and refused to pay said money." That on the twentieth day of December, 1907, said F. E. Robinson, for a valuable consideration, granted, sold and conveyed to plaintiff herein all his right, title and interest in and to the lands described in the above-mentioned contract.

"Wherefore, plaintiff prays judgment against said defendant that a decree be entered declaring that said defendant, Charles M. Williams, has no right, title or interest in or to any of the lands or premises described in said contract, and that all moneys theretofore paid by said defendant Charles M. Williams under the terms of said contract be adjudged to belong to plaintiff; and that it be further decreed that plaintiff is the owner and is entitled to the possession of all of the lands described in said contract."

The claim of appellant is that "This action is not such an action as is governed by any of the provisions of section 392 because: The cause of action set forth, or attempted to be set forth, in the complaint filed herein is twofold, i. e., a real or local and a personal or transitory action were joined in the same complaint."

In this, we think appellant is clearly in error. The real purpose of the complaint is to have it declared that the said agreement is no longer operative, and that defendant has no further claim to a conveyance. In effect the action is one to have it adjudged that a written instrument in respect to which there is a reasonable apprehension that if left outstanding it may constitute a cloud upon said property and thereby injure the plaintiff be canceled and all rights thereunder foreclosed.

The determination of the right to retain the said payment is a mere incident to a judgment declaring that said agreement has been annulled by defendant's failure to comply with its terms.

Furthermore, the nature of an action is to be determined by the kind of relief that can be granted under the complaint.

Whether plaintiff's assignor could maintain an action to have it determined that he is entitled to keep the money already in his possession need not be passed upon, but it is clear that in the complaint before us we find no warrant for a judgment decreeing that plaintiff is entitled to said money. He brings the action as assignee and the only interest assigned is "all his right, title and interest in and to the lands described in the above mentioned contract." The conveyance of the lands, manifestly, would not transfer any right to the money which had theretofore been paid to the grantor. The reference to the money in the prayer of the complaint is therefore entirely beside the question and must be disregarded.

The foregoing views find support in the decisions of the supreme court.

In *Fritts* v. *Camp,* 94 Cal. 393, [29 Pac. 867], it is held, as stated in the syllabus, that "An action to enjoin the defendants from dumping mining debris into a creek above the plaintiff's land, to his injury, under an adverse claim of an easement to flow and deposit the debris upon the plaintiff's premises, which the complaint alleges to be without right, and which the answer seeks to justify is in effect an action to quiet the plaintiff's title as against the defendants' claim of the easement, within the meaning of section 5 of article 6 of the constitution, requiring actions to quiet title to real estate to be commenced in the county in which the real estate, or any part thereof affected by the action, is situated."

In *McFarland* v. *Martin,* 144 Cal. 774, [78 Pac. 240], it is said: "The contention of the respondent that if at the trial the plaintiff should fail to establish his right to a conveyance he might, under his prayer for general relief, show himself entitled to an accounting of the affairs of the partnership and that they, therefore, are entitled to a change of the place of trial upon the ground that the complaint will thus authorize a judgment in a personal action is unavailing upon this appeal. The nature of the action is to be determined from the character of the complaint and from the character of the judgment which might be rendered upon a default thereto. . . . The present case is substantially the same in its facts as was the case of *Booker* v. *Aitken,* 140 Cal. 47, [74 Pac. 11]. In that case the defendant held the title to certain real property which the plaintiff alleged had been acquired under such cir-

cumstances (setting forth the same in his complaint) that he held it in trust for the estate of the plaintiff's testator and prayed that it be so adjudged and that the defendant execute a conveyance of the same. The action was brought in the county in which the property was situated and it was held that the fact that the defendant was a resident of another county did not give him a right to have the place of trial changed to such county."

In *Grocers etc. Union* v. *Kern etc. Co.*, 150 Cal. 466, [89 Pac. 120], it is similarly held that "an action by a purchaser for a specific performance of a contract for the sale of land and to compel a conveyance under an allegation that the purchase price has been paid pursuant to agreement from the proceeds of sales of fruits and lands made by defendant for which proceeds an accounting is sought, with judgment for a surplus alleged, is in its nature an action to determine a right or interest in real property under subdivision 1 of section 392 of the Code of Civil Procedure, which, wherever commenced, must be tried upon demand by the defendant in the county where the land is situated. The accounting of profits to determine payment of the purchase money and to obtain judgment for any surplus is merely incidental to the real cause of action and relief sought, and does not change the nature of the action." Therein is reviewed the principal case (*Smith* v. *Smith*, 88 Cal. 572, [26 Pac. 356]), upon which appellant herein relies, and it is pointed out that in said case personal property consisting of twenty-six thousand sheep, with horses, wagons, harness and camp equipage, together with real estate in Tuolumne and Merced counties, was by conveyance absolutely transferred to the defendant. In that action plaintiff "sought to have the transfer declared to be a mortgage and alleged that the property so mortgaged had earned and paid funds more than enough to extinguish the mortgage indebtedness, and thus sought an accounting, a personal judgment for the excess and a reconveyance of the property transferred." Hence it was properly declared that the cause of action was twofold owing to the very nature of the original transaction.

The cases cited by appellant are all easily distinguishable from the one before us and to hold with his contention would be in opposition to the plain provisions of the statute. The order is affirmed.

Chipman, P. J., and Hart, J., concurred.