[Civ. No. 2629.   First Appellate District, Division One.—January 28,
1919.]

## W. H. DIAL, Appellant, v. HOMESTEAD LAND AND BUILDING COMPANY (a Corporation), et al., Respondents.

PLACE OF TRIAL—ACTION TO COMPEL RECONVEYANCE OF REAL PROPERTY
—CORPORATION—SUIT BY STOCKHOLDER.—A suit by a stockholder
for the benefit of a corporation to compel the reconveyance to the
corporation of real property alleged to have been conveyed by the
corporation to a bank by fraud, is in the nature of a real action,
which under the provisions of section 392 of the Code of Civil Pro-
cedure, must be tried in the county where the real estate in ques-
tion is situated.

ID.—PRAYER FOR ACCOUNTING.—In such action the seeking of an account-
ing by the plaintiff on behalf of his corporation does not make the
action one involving personal property.

APPEAL from an order of the Superior Court of the City
and County of San Francisco changing the place of trial.
George A. Sturtevant, Judge.   Affirmed.

The facts are stated in the opinion of the court.

W. H. Dial, *in pro. per.,* for Appellant.

Jordan & Brann and Pardee & Pardee for Respondents.

RICHARDS, J.—This is an appeal from an order of the superior court of the city and county of San Francisco, changing the place of trial of this action from the said city and county of San Francisco, in which the action was brought, to the county of Lassen, in which the real estate affected by the action is situated. The action was one instituted by the plaintiff as one of the stockholders of the defendant Homestead Land and Building Company, to have vacated and set aside a certain resolution of said last-named corporation, which plaintiff alleges to have been fraudulently adopted, and also to have set aside a certain conveyance of the real estate in question made by it in pursuance thereof to said defendant Bank of Lassen County, a corporation, and to obtain a decree of said court directing a reconveyance of said real estate from said Bank of Lassen County to said Homestead Land and Building Company, and also to obtain certain other equitable relief. The defendants moved for a change of place of trial of said action to the county of Lassen as the place where the real estate in question is situated. The court granted such motion.

The sole question presented upon this appeal is whether this action is in the nature of a real action which, under the provisions of section 392 of the Code of Civil Procedure, must be tried in the county where the real estate is situated.

We are of the opinion that it is such an action. The principal relief which the plaintiff seeks, as appears from the prayer of his complaint, is a reconveyance of the title to the lands in question from the defendant Bank of Lassen County to the defendant Homestead Land and Building Company. The plaintiff has thus by his own pleading and prayer for relief determined the character of this action to be one the real substance and purpose of which is to have it determined that the Homestead Land and Building Company is the equitable owner of the premises in question, and to have its legal title to the same re-established by a conveyance from the other defendant to it. The case is thus, we think, brought clearly within the principles laid down in the cases of *Murphy* v. *Crowley*, 140 Cal. 141, [73 Pac. 820], and *Bradley Bros.* v. *Bradley*, 20 Cal. App. 1, [127 Pac. 1044]. It is true that in each of these cases the question presented was that of the application of the statute of limitations and not that of the change of the

place of trial; but notwithstanding this difference the question presented was the same, viz., what was the nature of the action; and hence the reasoning of those cases must be given application to the case at bar. The fact that the plaintiff in this action does not seek to establish title to the property in himself but in the corporation of which he alleges himself to be a stockholder, is immaterial, since an action brought by a stockholder of a corporation for its benefit and to obtain remedies for it, which its governing body refuses to take legal steps to seek, is in its essence an action brought by the corporation itself. (*Turner* v. *Markham*, 155 Cal. 562, [102 Pac. 272].)

The final contention of the appellant herein that the action is one also involving personal property, which the plaintiff would have the right to have tried in the county of his selection, is without merit. No personal property is described in the complaint, and the accounting which the plaintiff seeks on behalf of his corporation is one to which he or it could only be entitled upon the determination that said corporation was the owner of, and was to be reinvested with the title to, the real estate. It would thus be a mere incident to the main relief sought, which, as we have seen, was the recovery of the real estate.

Order affirmed.

Waste, P. J., and Kerrigan, J., concurred.