[Civ. No. 4373. First Appellate District, Division Two.—December 27, 1922.]

## J. NAKATA, Respondent, v. GUARANTEE MORTGAGE COMPANY (a Corporation), Appellant.

[1] PLACE OF TRIAL—ACTION AGAINST CORPORATION—FRAUD.—An action against a corporation to recover money paid for its stock, on the ground of false representations of the defendant's agent, is properly brought in the county of plaintiff's residence wherein the tort was committed, and the defendant is not entitled to a change of place of trial to the county of its principal place of business.

[2] ID.—ACTION AGAINST CORPORATION—RESCISSION OF CONTRACT.—An action against a corporation for rescission of a contract for fraud may be brought in the county where the contract was made. (Opinion of supreme court on denial of hearing.)

APPEAL from an order of the Superior Court of Fresno County denying a motion for change of place of trial. C. E. Beaumont, Judge. Affirmed.

The facts are stated in the opinion of the court.

Leo J. McEnerney for Appellant.

Iener W. Nielsen for Respondent.

STURTEVANT, J.—This is an appeal from an order refusing to change the place of trial.

The plaintiff alleges in his complaint that he is a resident of Fresno County; that the defendant is a corporation; that on the first day of October, 1920, in the county of Fresno, plaintiff and defendant entered into a written agreement for the sale to the plaintiff of ten shares of the capital stock of the defendant corporation; that the price was to

be $100 per share, and was to be paid by two promissory notes of even date, one in the sum of $875, and one in the sum of $1,625. That on the first day of December, 1920, plaintiff paid the note for $875, and he alleges that the defendant still holds the other note. It is alleged that the defendant's agent, for the purpose of inducing the plaintiff to make the purchase, represented at and in the county of Fresno, "that within ninety (90) days from date the selling price of said shares of capital stock would be $120 each"; that the stock had "a ready sale throughout the state of California," and that the defendant had sufficient moneys on hand "to make loans on real estate in the county of Fresno," and that the defendant "would pay the plaintiff 12% per annum" on the stock so purchased. It is then alleged that the said representations were false and were knowingly made to deceive the plaintiff. The plaintiff then alleges "that immediately upon discovering said representations so made by said agent of said defendant corporation, said plaintiff demanded of said defendant repayment of said sum of $875, together with interest, so paid by said plaintiff as aforesaid," etc. Thereupon the plaintiff prays judgment for the sum of $875, together with interest thereon from the first day of October, 1920.

[1] From what we have just quoted it is patent that the plaintiff attempted to allege a cause of action as for fraud; that the tort was committed in Fresno County, and that he sued in that county for the damage which he incurred by the commission of the wrong complained of. Under this theory he was clearly within his rights. (Const., art. XII, sec. 16; *Tingley* v. *Times-Mirror Co.*, 144 Cal. 205, 206 [77 Pac. 918]; *George Cople Co.* v. *Hindes*, 34 Cal. App. 576, 580 [170 Pac. 155].) The appellant attempts to avoid the above position by claiming that the plaintiff's complaint pleaded an action as in rescission; that the notice of rescission was presumptively given to the defendant at its principal place of business in San Francisco; that as the giving of that notice was the last step going to perfect the plaintiff's cause of action as for rescission, therefore the action should have been commenced in San Francisco, the residence of the defendant. (*Hammond* v. *Ocean Shore Dev. Co.*, 22 Cal. App. 167 [133 Pac. 978].) But the frailty of this contention is presented by an examination of the

complaint. It does not purport to allege that any notice of rescission was given; that plaintiff has acted promptly; or that he has restored, or offered to restore, anything to the defendant. (Civ. Code, secs. 1689–1691.) The position of the appellant seems to be a second thought. It now contends that the plaintiff's cause of action, if anything, is on an implied contract. However, when the appellant prepared its papers to move for the change of venue, it stated in its notice of motion that the motion would be made on the ground "that the liabilities sued on in the complaint" arose in San Francisco. The same expression was contained in the demand for change of place of trial. And the affidavit accompanying the notice and demand contained the positive statement that the plaintiff never "demanded of defendant the repayment" of the initial deposit $875.

The trial court did not err in denying the motion to change the place of trial, and the order appealed from is affirmed.

Langdon, P. J., and Nourse, J., concurred.

Petitions for a rehearing of this cause and of the case of *Ishii* v. *Guarantee Mortgage Co., post,* p. 797, were denied by the district court of appeal on January 25, 1923, and petitions to have said causes heard in the supreme court, after judgment in the district court of appeal, were denied by the supreme court on February 21, 1923, and the following opinion then rendered thereon:

THE COURT.—[2] In denying the petitions for a transfer to this court we deem it proper to say that we are inclined to agree with the petitioners that the action is one for the rescission of contract, for the prayer of the complaint is for the amount of money already paid and for the cancellation of the plaintiffs' promissory note. (*Kelley* v. *Owens,* 120 Cal. 502, 510 [47 Pac. 369, 52 Pac. 797].) Such an action may be brought in the county where the contract sought to be rescinded was made. (Const., art. XII, sec. 16.)

Petition denied.

Wilbur, C. J., Waste, J., Myers, J., Lennon, J., Lawlor, J., Kerrigan, J., and Seawell, J., concurred.