[Sac. No. 4045. Department Two.—May 15, 1928.]

H. C. HIETT et al., Respondents, v. THE INLAND FINANCE CORPORATION (a Corporation) et al., Appellants.

Louttit & Marceau for Appellants.

Roy A. Bronson, E. D. Bronson, Jr., and Bronson, Bronson & Slaven for Respondents.

RICHARDS, J.—This appeal is prosecuted by the defendants from an order of the superior court of the county of Stanislaus denying their motion for change of place of trial to San Joaquin County, where at the time of the institution of the action the defendant corporation had its principal office and place of business, and where also the defendant Ross resided.

The plaintiffs commenced this action in the county of Stanislaus against The Inland Finance Corporation, joining with said corporation the defendant Ross, who was alleged in the plaintiffs' complaint to be the president and managing agent of said corporation. By the action the plaintiffs

sought the cancellation of a certain note and of the mortgage securing the same upon the ground of duress and menace exercised upon the plaintiffs by said corporation through its president and manager Ross, said note and mortgage having been executed in the county of Stanislaus, the property described in said mortgage being in the county of Stanislaus. The defendants separately moved for a change of place of trial, which motions were by the trial court denied; whereupon the defendants appealed to this court from the order made in the foregoing regard.

As to the appeal of The Inland Finance Corporation, it is clearly without merit, for the reason that the action was properly commenced against it in the county in which the contract which constitutes the gravamen of the plaintiffs' cause of action was made and was to be performed, under the provisions of section 16 of article XII of the state constitution.

As to the appeal of the defendant Neil I. Ross, we are of the opinion that it is also without merit, for the reason that it clearly appears upon the face of the plaintiffs' complaint that as to the defendant Ross no right of action exists in favor of the plaintiffs, and it also appears that no relief or remedy of any sort against said defendant Ross is sought or prayed for by the plaintiffs, or would be proper in any aspect of the plaintiffs' alleged cause of action. The mere fact that the plaintiffs, out of abundance of caution or for other undisclosed reason, may have united the defendant Ross with his co-defendant in said action would not justify the defendant Ross in seeking a change of place of trial to the county of his residence, or in appealing from the order of the trial court of the county of Stanislaus denying such change, since it is apparent that he has been in nowise aggrieved by said order.

The order is affirmed.

Shenk, J., and Langdon, J., concurred.