[Civ. No. 6742. First Appellate District, Division One.—April 6, 1929.]

AUGUST KOPKE, Appellant, v. MARY CARLSON et al., Respondents.

John Thompson for Appellant.

E. Fitzgerald for Respondents.

TYLER, P. J.—Venue of action. Appeal by plaintiff from an order granting defendants' motion for the change of place of trial. The action was brought by plaintiff as vendee against defendants as vendors for the specific performance of a contract for the purchase and sale of real property situate in Monterey County. Defendants are residents of El Dorado County. The motion was granted upon the theory that defendants were entitled to have the action tried in the county of their residence. The sole question here

presented is whether the action is local or transitory. If local, the place of defendants' residence is immaterial. Section 392, subdivision one, of the Code of Civil Procedure provides, in substance, that actions for the recovery of real property, or interest therein or for the determination in any form of such right or interest or for injuries to the same must be tried in the county in which the subject of the action, or some part thereof, is situated. ■ An action for the specific performance of a contract for the sale of land without more is manifestly one coming within the provisions of this section. (*Grocers' Fruit Growing Union* v. *Kern County Land Co.*, 150 Cal. 466 [89 Pac. 120] ; *Tutt* v. *Davis*, 13 Cal. App. 715 [110 Pac. 690] ; 25 Cal. Jur., p. 862.) Counsel for respondents in support of the order seek to avoid the effect of this principle by claiming that where real and personal actions are joined in the same complaint, a defendant is entitled to have the action tried in the county of his residence and we are cited to the case of *Smith* v. *Smith*, 88 Cal. 572 [26 Pac. 356], and other cases of similar import as upholding this doctrine. ■ It undoubtedly is the rule that where the main object of a suit is to recover a money judgment, as where a vendor seeks to recover the purchase price of land, that a defendant is entitled to have the action tried in the county of his residence notwithstanding that the subject matter of the action is land. But the instant case presents no such situation. ■ The nature of an action is to be determined from the character of the complaint and from the judgment which might be rendered upon a default thereon (*McFarland* v. *Martin*, 144 Cal. 771 [78 Pac. 239] ). ■ Here the complaint alleges that plaintiff and defendants entered into an installment contract for the sale and purchase of certain real property. Further allegations show that plaintiff has complied with all the conditions and obligations in the contract to be by him performed and has tendered the balance due on the purchase price and demanded a deed free and clear of all encumbrances, but defendants refused to comply with his demand except upon the payment of certain taxes and street assessments. The prayer of the complaint is that the amount due from plaintiff to defendants be ascertained less the amount of taxes, encumbrances and assessments and that defendants be directed to execute a deed to plaintiff

upon payment by him of the amount found to be due. It thus appears that the suit is one solely for the specific performance of the contract and nothing more. The mere fact that it is prayed that the proper amount due defendants be ascertained does not in any manner make the action twofold, or unite a real or local, and a personal or transitory action. (*Robinson* v. *Williams*, 12 Cal. App. 515 [107 Pac. 705].) The action stripped to its essentials is one for the specific performance of a contract for the sale of land and that portion of the prayer asking that the amount due be determined is a mere incident to the main relief sought and does not change the nature of the action. (*Dial* v. *Homestead Land Co.*, 39 Cal. App. 479 [179 Pac. 444]; *Grocers' Fruit Growing Union* v. *Kern County Land Co.*, 150 Cal. 466 [89 Pac. 120].)

The order is reversed.

Knight, J., and Cashin, J., concurred.