[Civ. No. 4939. Third Appellate District.—December 11, 1933.]

BERTHA WARD et al., Respondents, v. GREAT WESTERN POWER COMPANY OF CALIFORNIA (a Corporation) et al., Appellants.

[Civ. No. 4938. Third Appellate District.—December 11, 1933.]

ISABELLE A. GOODSPEED et al., Respondents, v. GREAT WESTERN POWER COMPANY OF CALIFORNIA (a Corporation) et al., Appellants.

Thos. J. Straub, W. H. Spaulding, W. R. Dunn and George F. Jones for Appellants.

Ware & Ware for Respondents.

PULLEN, P. J.—These are appeals from orders denying motions for change of venue. The actions were brought in Butte County, and the corporate defendants moved to change the place of trial to the city and county of San Francisco, where they have their principal place of business. The cases were consolidated as they involve identical issues.

The complaints are quite lengthy but it is only necessary for the purpose of this appeal to refer to the facts involving venue. The actions are for recovery of damages

for fraud. It is alleged that the Western Canal Company was a corporation wholly owned, operated and controlled by the Great Western Power Company, a corporation, and that the two corporations were public utilities for the purpose of furnishing water for the irrigation of lands within the area where lay the lands of the two plaintiffs.

The alleged fraud consisted in inducing plaintiffs to make payments of money to defendant Western Canal Company on the alleged false and fraudulent representations that defendant Western Canal Company was a mutual water company, and that plaintiffs could not get water from the company except by purchase of its capital stock, the same to become appurtenant to the lands to be irrigated and that water would not be furnished plaintiffs unless they so became stockholders. It is then alleged that plaintiffs entered into such contracts to buy stock, make payments upon account thereof, and that they received nothing of value and have been damaged thereby.

It is also alleged in each of the causes of action that all the false representations of defendants were made in Butte County, and each of the contracts for the purchase of the capital stock in the Western Canal Company were made in Butte County, and the stock therein delivered to plaintiffs in Butte County, and the breach occurred in the county of Butte.

Affidavits were filed by defendants in support of their motion, and plaintiffs replied relying upon the allegations of their verified complaints and counter-affidavits.

This being an action solely against a corporation, resort must be had to the Constitution which governs such actions.

Article XII, section 16, provides that "A corporation or association may be sued in the county where the contract is made, or is to be performed, or where the obligation or liability arose, or where the breach occurs, or in the county where the principal place of business of such corporation is situated . . . ," and where the corporation has shown that the principal place of business is not in the county wherein the action is pending, the burden of proof is upon the plaintiff to defeat the motion. (*Hammond* v. *Ocean Shore Development Co.*, 22 Cal. App. 167 [133 Pac. 978].)

It is the contention of defendants that no liability arose against either of them until plaintiffs paid the money; that the actions were not on the contracts but are for damages for fraud; and that the damages arose and the liability arose at the time and place where they suffered the alleged damage, that is, when and at the place where they paid over the money.

As authority for this contention appellants rely principally upon the case of *Krogh* v. *Pacific Gateway etc. Co.,* 11 Cal. App. 237 [104 Pac. 698, 699]. There a corporate defendant had its principal place of business in San Joaquin County and was sued in an action to recover damages for false and fraudulent representations relating to the sale of certain shares of defendant's stock. The instrument there under consideration alleged that the parties had entered into a contract whereby, upon the payment of certain money in the future, defendant would then transfer to plaintiff certain oil-bearing lands. In discussing the case the court said: "It cannot be said from any facts set forth in the complaint that the contract sued upon was made or was to be performed or that the alleged liability arose or that its breach occurred in Fresno county. But it does appear by the affidavit that the principal place of defendant's business is in San Joaquin county. The only contract shown by the complaint was made and was to be performed subsequently to the representations made at Fresno county. No obligation or liability or breach occurred at Fresno county so far as appears. The alleged representations made by Abrams may have induced plaintiff to subscribe for the stock and pay his money to defendant for the same, but this took place, as appears from the complaint, after the representations were made, and not until then did any obligation arise, and defendant's alleged breach occurred still later."

In the instant case it appears from direct allegation in the complaints that the contract sued upon was made and was to be performed, and the liability arose and the breach occurred all in Butte County. In the Krogh case (*supra*) it was alleged in the complaint "the defendant . . . represented to plaintiff that defendant had entered into a contract . . . whereby upon the payment of a certain sum of money . . . they would transfer to defendant certain . . .

lands . . . and that the money so paid would be used to pay Abrams and Brandt for said land; that should plaintiff purchase 25,000 shares and pay $5,000 therefor, the money so paid would be applied . . . and that defendant would thereupon proceed to develop said property . . . ; that plaintiff believing said representations . . . thereafter subscribed for 25,000 shares . . . '' Thus it appears that the breach was not of the original agreement but of the subsequent promises, which differentiate it from the case at bar.

Defendant cites a number of cases discussing action for libel and malicious prosecution but we are here considering an action for damages for fraud and the rule applicable to libel and malicious prosecution is not governing.

The law seems to be clear that one may bring an action for rescission in the county where the contract sought to be rescinded was made. (*Nakata* v. *Guaranty Mortgage Co.*, 60 Cal. App. 260 [212 Pac. 937].) In that case the District Court of Appeal held the action was for damages, and said:

''From what we have just quoted it is patent that the plaintiff attempted to allege a cause of action as by fraud; but the tort was committed in Fresno county, and that he sued in that county for the damages which he incurred by the commission of the wrong complained of.'' Upon an application for a transfer to the Supreme Court, that court said: '' . . . we deem it proper to say we are inclined to agree with the petitioners that the action is one for the rescission of contract, for the prayer of the complaint is for the amount of money already paid and for the collection of the plaintiff's promissory note. (*Kelley* v. *Owens*, 120 Cal. 502, 510 [47 Pac. 369, 52 Pac. 797].) Such an action may be brought in the county where the contract sought to be rescinded was made.''

In *Hiett* v. *Inland Finance Corp.*, 204 Cal. 195 [267 Pac. 320], it was held that where an action was brought for the collection of a note and mortgage on the ground of duress and menace it is proper to bring the action in the county where the contract was made; it therefore appears that not only may an action be maintained where the breach of the contract occurred, but even in rescission, or in an action based on duress or menace, where the action

is on the case it may likewise be maintained in the county where the contract was made.

It is also contended by appellants that the allegations and statements in plaintiffs' verified complaints and affidavits are mere conclusions, and do not constitute evidence, not only as to the statement on the questions as to the place where the alleged tort was committed but also as to certain other allegations.

The affidavits are too long to set forth in this opinion but in the affidavit of Mary Jane Ward relative to the place where the contracts mentioned in the complaint were made, it is said:

"That all of the contracts for the purchase of capital stock and referred to in plaintiffs' complaint were made, executed and delivered in said Butte county; that each of said contracts in the first two counts of plaintiffs' complaint was prepared and submitted to and signed by the said Charles Ward in Butte county; that the contract referred to in the third count to plaintiffs' complaint was prepared, submitted to and signed by plaintiffs in said Butte county; that after having been signed by the contracting purchasers, as aforesaid, each of said contracts was submitted to defendants for their approval; that after each of said contracts had been approved by defendants and signed by defendant Western Canal Company, each of them was separately, by defendants' representative and agent, delivered personally to the respective contracting purchasers therein named in said Butte county; and that each of said contracts was wholly in the possession and under the control of defendants until such delivery, and none of said contracts was made or in effect until such delivery by defendants' representative and agent, as aforesaid," and substantially the same averments are found relative to where the contracts were made in the Goodspeed case.

As to the place of payment, if that is material, it is alleged in the verified complaints in both actions that all of the payments were made in the county of Butte. In contravention of these allegations the local manager of the Canal Company filed an affidavit alleging that the defendants never kept nor had any account with any bank in the county of Butte and that affiant never received any payments from plaintiffs on account of the transactions set forth in their

complaints, but that certain bank checks were delivered by plaintiffs to affiant payable to Western Canal Company for payment of stock, which checks were transmitted to San Francisco to defendant Canal Company, and were by the Canal Company indorsed and deposited in a bank in San Francisco for collection.

It is urged by defendants the allegations made as to payment were pure conclusions and were therefore to be disregarded. We cannot agree with defendants as to this and believe that sufficient allegations are set forth in the complaints and affidavits of plaintiffs not only as to the place where the contracts were made but where the payments were likewise made, and the court having decided upon conflicting evidence, we must hold that a proper showing was made to retain the trial of the action in the county of Butte in both cases.

Therefore, upon authority of *Nakata* v. *Guaranty Mortgage Co., supra,* and the facts established by plaintiffs we must hold that the county of Butte was the proper county in which to maintain the actions.

The orders are affirmed.

Thompson, J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 8, 1934.