[Civ. No. 12535. First Dist., Div. Two. Mar. 3, 1944.]

F. M. HEFFERNAN, Respondent, v. BENNETT & ARMOUR (a Corporation), Appellant.

Hardin Barry, Peter tum Suden and Richard tum Suden for Appellant.

Thomas J. Riordan, G. D. Schilling and Ulysses A. Gribble for Respondent.

STURTEVANT, J.—As assignee of Challenge Cream and Butter Association, a creditor of Bennett & Layton, Inc., the plaintiff commenced an action to set aside an alleged fradulent conveyance. In his complaint he alleged that the defendant was a corporation; that its principal place of business was in the city and county of San Francisco; that Challenge Cream and Butter Association was a corporation; that on the 24th day of April, 1939 Bennett & Layton, Inc. was doing business as a dealer in dairy products and poultry and had incurred an indebtedness in the sum of $275,000 and on said date was insolvent; that on said date the principal asset of Bennett & Layton was a plant of the value of $100,000 located at Susanville, county of Lassen, State of California, described as follows (setting forth said description); that on said date in the city and county of San Francisco, Bennett & Layton executed a conveyance and transfer ". . . of said real estate and operating plant together with the sum of $16,000 of the moneys and assets of said Bennett & Layton, Inc., and with the actual intent then and there and thereby to hinder, delay, defeat and defraud the then existing and also the future and subsequent creditors of said Bennett & Layton, Inc.;" that Bennett & Layton on the 18th day of June, 1940, failed and has since ceased to operate its business except to liquidate; that since said date it has been liquidated and there are no funds of said corporation available to pay its creditors ". . . excepting the property fraudulently conveyed as hereinbefore alleged;" that said conveyance was made without consideration; that Bennett & Armour is not a purchaser or encumbrancer for a fair or any consideration; that Bennett & Armour is a corporation which was formed by Bennett & Layton for the purpose of taking over the assets of the latter; that a copy of said conveyance by Bennett & Layton to Bennett & Armour was as follows

(pleading the same in *haec verba* and describing the real estate) and adding, "Together with all the tenements, hereditaments and appurtenances thereunto belonging"; that said conveyance was recorded in Lassen County on April 24, 1939; that within four years prior to the commencement of this action Bennett & Layton became indebted to Challenge Cream and Butter Association in a large sum of which $20,976.01 is now due and unpaid; that on the 20th day of August, 1942, Challenge Cream and Butter Association assigned its claim to this plaintiff; that "This action to cancel, annul and set aside said fraudulent conveyance and transfer is brought and prosecuted by plaintiff for the benefit of all creditors of the said Bennett & Layton, Inc. who may intervene herein and share the expense of the litigation as well as for the benefit of plaintiff;" that said Bennett & Layton, Inc. suppressed and concealed the fact of said transfer from its creditors until the 18th day of June, 1940; that no judgment has been sought upon said assigned claim; that ever since said transfer Bennett & Armour has been in receipt of and has appropriated " . . . to its own use the income and profits from said operating plant and real estate and converted the said income and profits thereof and also the sum of $16,000 to its own use and benefit . . .;" that a receiver should be appointed; that the liability hereinabove set forth was incurred by said defendant in the city and county of San Francisco and did arise therein. Said allegations are followed by a prayer:

"1. That the said transfer and conveyance are fraudulent and void as against the plaintiff and the other creditors of the said grantor Bennett & Layton, Inc., and that the said transfer and conveyance of said plant and property and of said $16,000 be accordingly cancelled, annulled and set aside for the benefit of the creditors of said Bennett & Layton, Inc., including this plaintiff; that a decree be entered herein requiring the defendant to account for the issues and profits received from said plant and real estate and for the said sum of $16,000 and that plaintiff have judgment for the same against said defendant;

"2. That the plaintiff be granted such other further or different relief as may be just together with costs of suit and a reasonable attorneys fee in said action;

"3. That a receiver of said plant and real estate be ap-

pointed in said action; that a pro rata distribution of the funds and property recovered herein be made to the creditors of said Bennett & Layton, Inc., as of right may appear.''

Later the defendant served a notice that on the 1st day of February, 1943, it would make a motion that the cause be transferred to the Superior Court of Lassen County for trial on the following grounds, towit:

''That at the time of the commencement of this action defendant was and still is a corporation organized and existing under and by virtue of the laws of the State of California, having its principal place of business in the City of Susanville, County of Lassen, State of California, and is a resident of said City of Susanville, County of Lassen, State of California, and that at no time was defendant ever engaged in business in the City and County of San Francisco, State of California, or maintained an office therein, and that the Superior Court of the State of California, in and for the County of Lassen, is the proper court for the trial of the above entitled action;

''And on the further ground that the said cause of action is one in equity and not at law and seeks to recover the title and possession of the real property described in plaintiff's complaint which is situated in the County of Lassen, State of California, which action is required by the terms and provisions of the Constitution of the State of California, Article VI, Section 5, to be commenced in the County where said land is located and situated, and that said provisions of the Constitution are both jurisdictional and mandatory;

''Said motion will be made upon this notice, the papers on file in this case, the affidavit of A. N. Bennett, a copy of which is being served herewith, and such other oral and documentary evidence as may be necessary and essential to support defendant's motion.''

Later the trial court denied the motion and the defendant appealed.

The defendant claims the trial court erred, and that section 5, article VI of the Constitution and sections 392 and 395, Code Civ. Proc., state the rule applicable to the facts. The plaintiff contends they do not. He contends that section 16 of article XII of the Constitution states the rule that is controlling. In his complaint the plaintiff attempted to set up a cause of action in the nature of a creditor's bill. He addressed his grievance in particular to a certain written

instrument made the 15th day of March, 1938, and prayed for judgment cancelling said instrument. In other words the very gist of his action was an attack on the transfer to the defendant. Section 16 of article XII of the Constitution provides: "Sec. 16. Corporations where to be sued. A corporation . . . may be sued in the county where the contract is made . . . or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." The claim that the provisions of section 5 of article VI of the Constitution are applicable has been directly ruled to the contrary. (*Beach* v. *Hodgdon*, 66 Cal. 187 [5 P. 77]; *Woodbury* v. *Nevada etc. Ry. Co.*, 120 Cal. 463 [52 P. 730]; *Alpha H. & S. Co.* v. *Ruby Mines Co.*, 97 Cal.App. 508 [275 P. 984].) On the other hand we think it is equally clear that the provisions of section 16 of article XII of the Constitution are applicable. (*Nakata* v. *Guarantee Mtg. Co.*, 60 Cal.App. 260 [212 P. 937]; *Ward* v. *Great Western Power Co.*, 135 Cal.App. 687 [27 P.2d 937]; *Hiett* v. *Inland Finance Corp.*, 204 Cal. 195 [267 P. 320]; *Sanborn* v. *Pomona Pump Co.*, 131 Cal.App. 241 [21 P.2d 124]; *Jacobs* v. *C. H. Smith Lumber Co.*, 206 Cal. 128 [273 P. 571].) Each was an action involving a contract of the defendant corporation. Several were attacks on the ground of fraud. We think it is plain, therefore, that the provisions of section 16, article XII of the Constitution are applicable and that the plaintiff was within his rights in commencing his action in the county where the contract was made.

In *Beach* v. *Hodgdon*, 66 Cal. 187 [5 P. 77], the court said: "This is not an action to enforce a lien upon real property, but a bill *in aid of execution, to set aside* two certain conveyances made by the execution debtor, upon the ground that they were fraudulently executed." The defendant stresses the language which we have italicized. It then calls attention to the fact that the plaintiff's complaint does not allege that execution in the instant case has been levied. It then claims that the Beach case is not applicable. We find no merit in the point. The complaint in the instant case was drawn after the adoption of the amendments to the Civil Code, Statutes of 1939, page 1667 et seq. Prior to the adoption of said statutes it was settled law that one framing a creditor's bill was bound to show by his pleading that he had

exhausted all remedies including the fact that he had reduced his claim to judgment, had taken out execution, and that the writ was returned not satisfied. By the amendments of the code just mentioned those requirements are no longer necessary. (Civ. Code, sec. 3439.09.) Said amendments merely make a change in procedure. They change to some extent the proof necessary to establish a creditor's bill. But a creditor's bill has been a part of the law of this state from an early date down to and including the present. The amendments do not abolish the remedy and they are pertinent to the present action. (*Thompson* v. *County of Los Angeles,* 140 Cal.App. 73 [35 P.2d 185]; *Norton* v. *City of Pomona,* 5 Cal.2d 54, 66 [53 P.2d 952].) The defendants cite and rely on *Carter* v. *Carter,* 55 Cal.App.2d 13 [130 P.2d 186]. We find nothing in it contrary to anything we have said.

■ The defendant contends that the action was local. It calls attention to the fact that the complaint attacks a transfer of real property, that it also attacks the transfer of $16,000 in cash and that it asks an accounting be had. Continuing defendant asserts that the action should be tried in Lassen County, its residence. The plaintiff asserts that the action was transitory. Neither party cites authority. If the proceeding was had at common law, the distinction would be of some importance. (67 C.J. "Venue" secs. 12, 29.) But as we have shown above the proceeding is governed by the provisions of section 16, article XII of the Constitution. That instrument draws no distinction between actions local and actions transitory. This court therefore may not read such matters into the constitutional provisions. Furthermore it is settled law that actions designated in such provisions may be brought thereunder and must be tried thereunder unless the place of trial is changed as provided by law. (*Cook* v. *W. S. Ray Manufacturing Co.,* 159 Cal. 694 [115 P. 318].) ■ If and when an attack is made in the complaint on an alleged fraudulent conveyance the plaintiff may not split the cause of action and attack separately the conveyance of real estate and secondly the conveyance of personal property. If the attack is made otherwise the pleader splits his cause of action and must suffer the consequences. (*Cohn* v. *Cohn,* 7 Cal.2d 1 [69 P.2d 969].) ■ Above we have cited many cases holding that said section of the Constitution authorizes the commencement thereunder of actions attacking corporate contracts. Picking up said section and reading it with the utmost

care it is patent that it draws no distinction between conveyances of real property and conveyances of personal property. It follows that it includes both classes.

What has just been said regarding actions local and transitory is not modified or altered by reason of the allegations regarding the transfer of $16,000 or the claim that an accounting should be had. Manifestly the plaintiff was attacking the transfer—not in part but in its entirety. His attack was therefore made on the transfer of the cash as well as on the transfer of the real estate and there were not two transfers but one only. Nor was duplicity created by inserting the allegations regarding an accounting. That an accounting might be necessary was but an incident of the cause of action to set aside a fraudulent conveyance. (*Grocers' etc. Union* v. *Kern etc. Co.*, 150 Cal. 466, 471-472 [89 P. 120].) Paraphrasing the language of the Supreme Court: Stripped to its essentials this is simply an action to cancel a fraudulent conveyance. If it be conceded that the right to an accounting is sufficiently pleaded that accounting is but an incident in the transaction. In *Kopke* v. *Carlson,* 98 Cal. App. 155 [276 P. 606], at page 157 the court said: "It undoubtedly is the rule that where the main object of a suit is to recover a money judgment, as where a vendor seeks to recover the purchase price of land, that a defendant is entitled to have the action tried in the county of his residence notwithstanding that the subject matter of the action is land. But the instant case presents no such situation. The nature of an action is to be determined from the character of the complaint and from the judgment which might be rendered upon a default thereon. (*McFarland* v. *Martin,* 144 Cal. 771 [78 P. 239].) Here the complaint alleges that plaintiff and defendants entered into an installment contract for the sale and purchase of certain real property. Further allegations show that plaintiff has complied with all the conditions and obligations in the contract to be by him performed and has tendered the balance due on the purchase price and demanded a deed free and clear of all encumbrances, but defendants refused to comply with his demand except upon the payment of certain taxes and street assessments. The prayer of the complaint is that the amount due from plaintiff to defendants be ascertained less the amount of taxes, encumbrances and assessments and that defendants be directed to execute a deed to plaintiff upon payment by him of the

amount found to be due. It thus appears that the suit is one solely for the specific performance of the contract and nothing more. The mere fact that it is prayed that the proper amount due defendants be ascertained does not in any manner make the action twofold, or unite a real or local, and a personal or transitory action. (*Robinson* v. *Williams,* 12 Cal. App. 515 [107 P. 705].) The action stripped to its essentials is one for the specific performance of a contract for the sale of land and that portion of the prayer asking that the amount due be determined is a mere incident to the main relief sought and does not change the nature of the action. (*Dial* v. *Homestead Land & Bldg. Co.,* 39 Cal.App. 479 [179 P. 444]; *Grocers' Fruit Growing Union* v. *Kern County Land Co.,* 150 Cal. 466 [89 P. 120].)''

The defendant relies on *Adler* v. *Fenton,* 24 How. (65 U.S.) 407 [16 L.Ed. 696]. It points to the transfer of $16,000 and the allegations regarding an accounting and the claim for a money judgment. It then argues that in an action to set aside a fraudulent conveyance a judgment for money may not be had. Without entering into a discussion of this contention it is sufficient to state that the subject matter is premature in the instant case. As shown hereinabove the plaintiff sues primarily to set aside a conveyance of real estate. If he has asked for more than he is entitled to the rights of the defendant can be and no doubt will be protected at the time of the trial. Such matters, however, do not arise on a motion to change the place of trial.

The defendant claims that in any event sections 392 and 395 of the Code of Civil Procedure are applicable. It quotes the last clause in section 16, article XII: ''. . . subject to the power of the court to change the place of trial as in other cases,'' and claims such words expressly provided that said sections of the Code of Civil Procedure are applicable. We think it is mistaken. (25 Cal.Jur. 873 ''Venue,'' sec. 18.) The clause quoted from section 16, article XII has no such meaning. It refers to matters other than the residence of the defendant. In *Cook* v. *W. S. Ray Manufacturing Co.,* 159 Cal. 694, at page 696 [115 P. 318], Mr. Chief Justice Beatty copied section 16 article XII and then he said: ''And this has been held to mean, not merely that an action against a corporation may, at the option of the plaintiff, be commenced in one of the designated counties other than the one in which the defendant has its principal place of business, but that it may be prosecuted to final judgment where com-

menced unless the defendant can allege and show some sufficient ground for a change of the place of trial distinct from the fact that the residence of the corporation is in another county. [Citing cases.]"

■ ·Conceding that the plaintiff attempted at least to plead an action to set aside a fraudulent conveyance, the defendant contends that section 16 of article XII of the Constitution did not give the trial court jurisdiction to proceed. In that behalf it contends that *Beach* v. *Hodgdon,* 66 Cal. 187 [5 P. 77] ; *Woodbury* v. *Nevada etc. Ry. Co.,* 120 Cal. 463 [52 P. 730] ; and *Alpha H. & S. Co.* v. *Ruby Mines Co.,* 97 Cal.App. 508 [275 P. 984], are not authority to the contrary. It bases that contention on two propositions. It contends that no one of said cases cites and relies on section 16, article XII of the Constitution and that all three of said cases were "in aid of execution." Neither distinction is determinative. As will be noted above we have not rested this opinion solely on said last mentioned cases. The defendant seems to contend that whereas the rule formerly obtained that one in framing a creditor's bill should show he had exhausted all of his remedies and whereas by virtue of the enactment of section 3439.09 of the Civil Code it is no longer necessary to make that showing, therefore an action brought under said section is not a creditor's bill; but on the other hand it is an action involving an interest in real property and is governed by the provisions of section 5 of article VI of the state Constitution. It is sufficient to state that it is apparent all of said cases were attacks on contracts made by said corporations. Some were attacks made on the contention that the contracts were made in fraud of creditors; some rested on the claim that the contracts were made by fraudulent representations; and some were based on the claim that said contracts were breached. A reference to the cases hereinabove set forth shows that all of such cases rest on the provisions of section 16, article XII of the state Constitution and that in many of them no claim was made that the plaintiff had exhausted all of his remedies.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 1, 1944. Curtis, J., voted for a hearing.