Forrest LAIDLEY and George P. Vye, Appellants,

v.

Barbara Bogart HEIGHO, Maxwell Stevens Heigho and Security-First National Bank, Appellees.

No. 18709.

United States Court of Appeals
Ninth Circuit.

Dec. 16, 1963.

Richard A. Perkins, Beverly Hills, Cal., for appellant.

Larwill & Wolfe, George R. Larwill and Charles W. Wolfe, Los Angeles, Cal., for appellee.

Before ORR, MERRILL and BROWNING, Circuit Judges.

MERRILL, Circuit Judge:

By this diversity action, brought in the district court in Los Angeles, California, appellants allege that in 1950 their assignors became creditors of William Stevens Heigho, who died in 1956, and they seek to collect the debt out of assets of a trust created by the decedent in 1951. Appellants contend that the creation of the trust, because it rendered Heigho insolvent, constituted a transfer in fraud of creditors under California Civil Code, § 3439.04.[1] The action was dismissed by the district court and this appeal followed.

Appellants never did reduce their claim against Heigho to judgment, but following his death they asserted the claim against his estate. The claim was rejected by his executrix, with due notice given to appellants. Suit thereon was never subsequently brought. California Probate Code, § 714, provides that within three months after the holder of a claim against an estate receives notice of its rejection, "the holder must bring suit in the proper court against the executor or administrator, * * * otherwise the claim shall be forever barred."

After distribution of the estate and discharge of the executrix, appellants petitioned the superior court of California to reopen the estate in order that the transferred property might be brought into the estate and their claim thereto litigated. The petition was denied and this order was affirmed upon appeal to the state district court of appeal. Estate of

Heigho (1960) 186 Cal.App.2d 360, 9 Cal. Rptr. 196. This action was then brought.

Appellants concede that by the provisions of § 714 of the California Probate Code their right to recover against the decedent's estate is forever barred by virtue of their failure to file suit within the time prescribed. They contend, however, that this forecloses them only from recovering their claim out of estate assets, and does not foreclose them from reaching assets fraudulently transferred, since, under California law, the debtor is not an indispensable party to a suit to collect a debt out of such assets. See Liuzza v. Bell (1940) 40 Cal.App.2d 417, 424–425, 104 P.2d 1095, 1100.

This contention, however, assumes the existence and establishment of a valid claim. California Civil Code, § 3439.09(a), on which appellants rely for their remedy, allows a "creditor, when his claim has matured," to proceed against a transferee from the debtor of fraudulently conveyed property, to (1) "Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or (2) Disregard the conveyance and attach or levy execution upon the property conveyed." The present action, in which appellants actually seek to collect the debt out of the transferred assets, appears to be based on the second of these statutory remedies; but the California decisions seem to establish that such relief—traditionally called a "creditor's bill"—is normally available only after the creditor has reduced his claim to judgment against the debtor and has taken out an execution which has been returned unsatisfied. Richardson v. Michel (1941) 45 Cal.App.2d 188, 113 P.2d 916. This cannot be done here since the original debtor is deceased, and a claim against his estate barred. Should this action be deemed to seek the setting aside of the conveyance,[2] the effect is "to

1. California Civil Code, § 3439.04:
   "Every conveyance made * * * by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made * * * without a fair consideration."

2. Appellants' complaint asked in addition for "such other and further relief as justice shall require and to the Court shall appear proper."

revest the title to the property involved in the debtor." Rice v. Schubert (1951) 101 Cal.App.2d 638, 226 P.2d 50, 52. Although this remedy need not await reduction of the claim to judgment, Rice v. Schubert, supra, Hefferman v. Bennett & Armour (1944) 63 Cal.App.2d 178, 183–184, 146 P.2d 482, 485, surely the statute does not contemplate the absurdity of granting such relief where, as here, judgment cannot be obtained against the only party in whom the transferred property could be revested.

The case of Goldberg, Bowen & Co. v. Demick (1926) 77 Cal.App. 535, 247 P. 261, relied upon by appellants for the proposition that a bar to the claim against the debtor should not bar the creditor's right to proceed against a transferee of fraudulently conveyed property, is not in point. There, although a creditor's claim was barred by the statute of limitations, his debtor allowed him to obtain judgment upon the claim; since this created a valid claim, the court held that when the creditor subsequently proceeded against the transferee of a fraudulent conveyance from the debtor the transferee could not resist on the basis of the statute of limitations defense which the debtor had waived.

■ It might be contended that the unavailability of the remedy of collecting the debt out of the transferred assets in cases where judgment can but has not been obtained should not extend to a case such as this where it is impossible to obtain judgment against the debtor's estate. The contention might carry weight if the barring of the claim in the estate proceeding was deemed merely to have the effect of placing estate assets beyond reach of appellants while not affecting their basic right as creditors. In our judgment, however, when, under California law, these estate proceedings have resulted in appellants' claim being "forever barred," the effect has been to destroy the very claim of indebtedness upon which appellants rely to establish their status as creditors. Thus, no longer being "creditors," appellants have no right to relief under Civil Code, § 3439.-09(a).

Appellants' suggestions that the conduct of one of the appellees, who was executrix of the Heigho estate, may have estopped her from relying upon the barring of the claim in the estate proceedings, have either been settled against appellants in the California proceedings to reopen the estate, Estate of Heigho, supra, 186 C.A.2d at 367–370, 9 Cal.Rptr. at 202–204, or are not relevant to the neglect of appellants which led to the barring of the claim.

Judgment affirmed.