[No. 8,281.   Department One.—December 8, 1884.]

JULIA A. BEACH, RESPONDENT, *v.* CHARLES HODGDON ET AL., APPELLANTS.

CREDITOR'S BILL—SETTING ASIDE CONVEYANCE—PLACE OF TRIAL.—The provision of the constitution requiring actions for the enforcement of liens upon real estate to be commenced in the county where the real estate is situated, does not apply to an action, in the nature of a creditor's bill, brought to set aside a conveyance made by an execution debtor on the ground of fraud.

APPEAL—ORDER STRIKING OUT PLEADING.—No appeal lies from an order striking out an answer.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was in the nature of a creditor's bill, brought by a judgment creditor of the defendant Hodgdon, to set aside certain deeds executed by him to the defendant Hildreth, and to subject the premises conveyed to the payment of the plaintiff's judgment. The further facts are sufficiently stated in the opinion of the court.

*W. H. Tompkins, Noah F. Flood, R. H. Lloyd, John A. Barham,* for Appellants.

*E. J. & J. H. Moore,* for Respondent.

ROSS, J.—1. This is not an action to enforce a lien upon real property, but a bill in aid of execution, to set aside two certain conveyances made by the execution debtor, upon the ground that they were fraudulently executed. Therefore, the provision of the present constitution requiring actions for the enforcement of liens upon real estate to be commenced in the county in which such real property is situated, does not apply.

2. There is no specification calling in question the order striking out the answer of Hildreth. Nor did Hildreth move for a new trial. Therefore, no objection which might have been ground for a new trial on his part alone, can be considered.

3. By stipulation of counsel, the answer originally filed was made to stand as the answer to the complaint as amended.

4. We cannot say the court below was not justified in finding that the deeds in question were made in fraud of the plaintiff's rights.

5. The order striking out the answer of defendant Hildreth is not appealable; the appeal therefrom is therefore dismissed, and the judgment and order refusing a new trial are affirmed.

MCKEE, J., and MCKINSTRY, J., concurred.

Hearing in Bank denied.