[Civ. No. 341.  First Appellate District.—March 20, 1907.]

## J. P. WOOD, Appellant, v. J. A. THOMPSON, Respondent.

VENUE OF ACTION—SPECIFIC PERFORMANCE OF CONTRACT TO CONVEY
    REAL ESTATE—PLACE OF COMMENCEMENT.—An action to compel
    the specific performance of a contract to convey mining claims
    situated in another county may be brought in the county of the
    residence of the defendant. It is not an action "for the recov-
    ery of the possession of, quieting title to, or for the enforcement
    of liens upon real estate," required by the constitution to "be
    commenced in the county in which the real estate, or any part
    thereof affected by such action or actions, is situated."

ID.—CONSTRUCTION OF CONSTITUTIONAL PROVISION—LIMITATION UPON
    JURISDICTION OF SUPERIOR COURT.—The constitutional provision lim-
    iting the place of commencement of certain enumerated actions,
    being a limitation upon the general jurisdiction of the superior
    court, is to be strictly construed; and its prohibition must be con-
    fined to the actions enumerated therein.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.  John Hunt, Judge.

The facts are stated in the opinion of the court.

Vincent Neale, for Appellant.

De Voto & Richardson, for Respondent.

COOPER, P. J.—This action was brought in the city and
county of San Francisco to compel the specific performance
of a contract by defendant to convey to plaintiff an undivided
one-eighth interest in certain mining claims known as "King
Solomon's Mines," situated in Siskiyou county, either by the
execution of a good and sufficient deed, or by a decree giving
to plaintiff shares of the stock of the Fidelity Investment and
Development Company, a corporation, sufficient to represent
the one-eighth interest.  A demurrer was sustained to the
complaint, without leave to amend, upon the ground that the
action should have been commenced in Siskiyou county, and
that the superior court of San Francisco had no jurisdiction.

In this the court erred.  The superior courts are courts of
general jurisdiction, and their process extends to all parts of

the state unless expressly limited by the statute or the constitution. Our constitution contains the following express limitation upon which the defendant relies: "All actions for the recovery of the possession of, quieting title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated."

The above provision, being a limitation upon the general jurisdiction of the superior courts, is to be strictly construed. It prohibits the commencement of certain enumerated actions, but its prohibition must be confined to the actions enumerated therein. (*Miller & Lux* v. *Kern Co. Land Co.,* 140 Cal. 132, [98 Am. St. Rep. 63, 73 Pac. 836].) Measured by the above rule, the prohibition does not extend to this case. The purpose of the action is not to recover possession of, quiet title to, or enforce a lien upon "King Solomon's Mines." It is to enforce the specific performance of a contract. If the court should determine that the plaintiff is entitled to a specific performance by a conveyance of an undivided one-eighth interest, that would not of itself entitle the plaintiff to the possession of the real estate.

In *Le Breton* v. *Superior Court,* 66 Cal. 27, [4 Pac. 777], it was held that the quoted provision of the constitution has no application to an action for the settlement of a trust in regard to real estate.

In *Beach* v. *Hodgdon,* 66 Cal. 187, [5 Pac. 77], it was held that the provision did not apply to a creditor's bill to set aside a conveyance of real estate on the ground of fraud.

If the superior court has jurisdiction to set aside a conveyance of land situate in another county, it certainly would have jurisdiction to compel a conveyance of such land. Nor would such action be one for the recovery of possession of real estate.

The order is reversed.

Kerrigan, J., and Hall, J., concurred.