Kurt Baettenhaussen et al., Plaintiffs and Appellants, v. Charles Borda Klugkist et al., Defendants and Appellee.

No. 7597. Argued November 22, 1937.—Decided January 25, 1938.

Henry G. Molina, Dubón & Ochoteco and S. de la Fuente for appellants. Fiddler, Córdova & McConnell for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

The complaint in this case was filed in the District Court for the Judicial District of Arecibo. It is therein averred, in substance, that Theodore Baettenhaussen made advances as loans to the defendant Charles Borda Klugkist of certain sums of money aggregating $63,000; that to evidence these

loans Borda signed and delivered to his creditor sixteen (16) promissory notes, which have not been paid either in whole or in part; that the only property of any value belonging to the defendant Charles Borda prior to January 21, 1932, was a one-third undivided interest in the Hacienda Esperanza, locaetd in Junta y Boca Ward of the municipality of Manatí and recorded in the Registry of Property of Arecibo; that on January 21, 1932, the defendant Charles Borda sold and transferred all his right, title, and interest in the aforesaid property to his wife, Margaret Borda, for an alleged price of $1 "and other consideration," the title being recorded in favor of Margaret Borda; that the aforesaid transfer by Borda to his wife was made without any consideration whatever and was executed for the sole purpose of defrauding his creditor Baettenhaussen and other creditors and to avoid the payment of a judgment of the Supreme Court of the State of New York entered on November 24, 1931, in favor of Juan Quaremba and against Charles Borda, for $26,477.55, with interest and costs; that on June 29, 1932, the aforesaid Juan Quaremba brought an action in the District Court of Arecibo to set aside the transfer made by Borda to his wife and levied an attachment on the one-third belonging to Borda in the Hacienda Esperanza; that to lift this attachment and to settle the suit with Quaremba, Borda and his wife, on August 10, 1933, executed a mortgage upon the aforesaid undivided interest in favor of the American Colonial Bank & Trust Company of Porto Rico to guarantee the payment of a loan for $38,000 which was used to pay the claim of Juan Quaremba; that on the same date Borda and his wife executed another deed by which they sold and transferred to the American Colonial Bank & Trust Company the above mentioned undivided interest, to be held by it in trust, the income therefrom to be applied to the payment of the interest and installments of principal on the mortgage in the trustee's favor and to the payment of a

certain indebtedness owing to the heirs of Wenceslao Borda; that the aforesaid Bank has been making payments on the debts in accordance with the trust agreement, the balance of the income being delivered to Margaret Borda, and, after her death, to the defendant Charles Borda, for his use and the use of his children; that the transfer in trust was made for the purpose of defrauding his creditor Baettenhaussen; and lastly, that the only property or goods of any nature belonging to and possessed by the defendant Charles Borda which could have been applied to the payment of his indebtedness to Baettenhaussen is the one-third undivided interest in the Hacienda Esperanza.

The parties ask for judgment declaring (a) that the deed of transfer from Borda to his wife and the trust deed in favor of the American Colonial Bank & Trust Company are void as having been executed in fraud of creditors; and (b) that the defendant Charles Borda is the sole legal owner of the co-ownership in question, subject only to the rights of the American Colonial Bank & Trust Company as mortgage creditor. It is further prayed that Borda be required to render an accounting of the sums received by him from Baettenhaussen, and that the aforesaid co-ownership be sold in public auction to satisfy the amount of the indebtedness claimed by the plaintiffs, plus costs, including attorneys' fees.

The American Colonial Bank & Trust Company was served, filed a demurrer, and prayed that the case be remove to the District Court of San Juan. The grounds for the motion for removal were: (1) that the action is personal, being an action of debt; (2) that The American Colonial Bank & Trust Company is a domestic corporation, with its principal office in San Juan, and that none of the other defendants reside in the Judicial District of Arecibo; and (3) that for the greater convenience of counsel and of the witnesses who may testify in the case, the trial ought to be held in San Juan.

On July 31, 1937, the District Court of Arecibo ordered the case to be transferred to the District Court of San Juan, believing that the latter is the proper court to hear the cause. The plaintiffs appealed.

There is a single assignment to the effect that the lower court erred in having held that the action in this case is not included in any of the cases provided for in Section 75 of the Code of Civil Procedure and that Section 81 of the same code is applicable.

Section 75 of the Code of Civil Procedure, in so far as is here material, provides:

"Section 75.—(392 Cal.) Actions for the following causes must be tried in the district in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this Code:

"1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property."

The decision of this appeal depends upon the classification which we may make of the action here brought.

A personal action (*actio in personam*) is one brought against a specified person, founded upon a personal liability, or one in which a remedy is prayed for against a violation of a personal right.

A real action (*actio in rem*) is one brought against a thing itself, for the purpose of determining its *status* or condition.

The term *quasi in rem* is applied to those proceedings, not strictly *in rem,* which are brought against a defendant personally, but the real object of which is to subject a specified property to the payment of an obligation. See: 1 C. J., secs. 5, 6, p. 929; *Holcomb* v. *Kelly,* 114 N.Y.S. 1048, 1051; *Cunningham* v. *Shanklin,* 60 Cal. 118, 125.

In ordering the removal of the case to the District of San Juan, the lower court based its order on the principles laid down by the Supreme Court of California in *Beach* v.

*Hodgdon,* 66 Cal. 187, and in *Woodbury* v. *Nevada, etc. Ry.* 120 Cal. 463, and by this Supreme Court in *Balbás* v. *Luce & Company, S. en C.,* 47 P.R.R. 890. Let us examine these cases.

In *Beach* v. *Hodgdon, supra,* the action was brought by a creditor who had already secured judgment in his favor, to annul certain conveyances fraudulently made by the defendant Hodgdon to the other defendant Hildreth and to subject the properties to the payment of the judgment. The suit was filed in a county different from that within which the properties were situated. The court expressed itself as follows:

"This is not an action to enforce a lien upon real property, but a bill in aid of execution, to set aside two certain conveyances made by the execution debtor, upon the ground that they were fraudulently executed. Therefore, the provision of the present constitution requiring actions for the enforcement of liens upon real estate to be commenced in the county in which such real property is situated, does not apply."

In *Woodbury* v. *Nevada, etc. Ry.,* supra, the defendant had filed an action of debt in the court for Los Angeles County and had secured an order of attachment directed to the sheriff of San Bernardino County, by virtue of which the said officer attached real properties of the defendant company located in San Bernardino County. The plaintiff obtained a judgment in his favor, upon which he was unable to get execution through failure to find properties of the debtor. Prior to the filing of the suit, the defendant company had executed a mortgage over all its properties. The plaintiff, after setting out the foregoing facts in a complaint filed in the same Los Angeles County Court, averred that the mortgage executed by the defendant was fraudulent and void and prayed that the mortgaged property, situated in San Bernardino, be sold to satisfy his judgment. The court so ordered, and the defendant company appealed, contending that the Los Angeles County, Court was without jurisdiction

over the subject of the action, which was alleged to be the properties in San Bernardino County. In affirming the judgment, the Supreme Court of California expressed itself as follows:

"The action herein is in the nature of a creditor's bill to remove an obstruction to the enforcement of the judgments in favor of the plaintiff against the railway company, which exists by reason of the mortgage made by it to its codefendant, and which the plaintiff alleges was fraudulent and void as against him. The Superior Court of Los Angeles county has jurisdiction of the original action against the railway company, and in that action the property in question was taken into its custody by the sheriff of the county of San Bernardino, under the writs of attachment and of execution issued therein, and, as the court is authorized to direct the sale of this property for the purpose of satisfying the judgments which it has rendered, it has jurisdiction to prevent or remove any obstruction which the judgment debtor may seek to place in the way of enforcing such judgments. The same question was presented in *Beach* v. *Hodgdon,* 66 Cal. 187. . . . "

The two foregoing cases were cited and applied in *Wood* v. *Thompson,* 5 Cal. App. 247, and *Alpha H. & S. Co.* v. *Ruby Mines Co.,* 97 Cal. App. 508, 512, in the latter of which the court said:

"As to appellant's objection that this action should have been brought in Sierra County, we are of the opinion that the real purpose and object of the action, as set forth in the sixth count of the complaint, was to set aside and cancel the note and deed of trust which, as is alleged in said count, was executed for the purpose of defrauding respondent and its assignors, who were creditors of the said Ruby Mines Company. The provision of the constitution requiring action for the enforcement of liens upon real estate to be commenced in the county where the real estate is situated does not apply to an action in the nature of a creditor's bill, brought to set aside a conveyance made by an execution debtor on the ground of fraud."

In *Balbás* v. *Luce & Co., supra,* this Court held that where a plaintiff joins two actions in a single complaint, one transitory and the other local, the action must, if a ques-

tion of venue arises, be considered as wholly transitory, particularly where the transitory action is the more important; but if the local action is not only the more important, but is fundamentally essential to the transitory action, the action must in that case be considered as wholly local.

The plaintiffs have in the complaint in this case joined two separate causes of action. In the first, they seek to obtain judgment by which the defendants are adjudged to pay the amount of the loans made by Baettenhaussen to Borda, an action which is by nature personal and transitory. In the other, they seek to annul transfers made by the defendant Charles Borda to his wife and to the defendant bank, as fraudulent, so that the property so alienated may revert to its alleged owner Charles Borda and may be sold to satisfy the judgment which may be rendered against him on the first cause of action. This second cause of action is by nature an action *quasi-in-rem*.

In our opinion the more important action in this case is the personal and transitory action for the collection of the promissory notes executed by Charles Borda in favor of Baettenhaussen. The plaintiffs' claim has not yet been reduced to judgment. At least, the complaint does not allege that judgment has been obtained against the debtor Borda. This being true, the plaintiffs would have to establish as the fundamental basis for the action to set aside the transfers that the promissory notes were executed, that they have not been paid, and that they, the plaintiffs, are entitled to demand payment. In other words, the action to set aside the conveyances can neither exist nor be maintained if the personal action of debt is not first established.

From the principles which we have commented upon, and taking into consideration the fact that from the record before us it does not appear that prior to the order of removal the District Court of Arecibo had obtained jurisdiction, by attachment over the property which it is alleged

was fraudulently conveyed, or over the persons of the other defendants by personal service, we must hold, as we do, that the lower court did not err in ordering the transfer so prayed for.

The order appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.