KURT BAETTENHAUSSEN, LINA E. GREY, NAOMI H. ROTH, MARJORIE ROTH SKINNER y GEORGE H. EMERSON, demandantes y apelantes, *v.* CHARLES BORDA KLUGKIST, CHARLES L. BORDA JR., JOSEPH L. BORDA, JANE DOE BORDA y THE AMERICAN COLONIAL BANK & TRUST CO. OF PORTO RICO, demandados y apelados.

Núm. 7597.—*Sometido:* Noviembre 22, 1937. *Resuelto:* Enero 25, 1938.

*Henry G. Molina, Dubón & Ochoteco* y *S. de la Fuente,* abogados de los apelantes; *Fiddler, Córdova & McConnell,* abogados del American Colonial Bank & Trust Co. of Porto Rico, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La demanda en el presente caso fué radicada ante la Corte de Distrito del Distrito Judicial de Arecibo, y en ella se alega substancialmente que Theodore Baettenhaussen adelantó en calidad de préstamo al demandado Charles Borda Klugkist, ciertas sumas de dinero ascendentes a un total de $63,000; que a cambio de dichos préstamos Borda suscribió y entregó

a su acreedor dieciséis (16) pagarés, los cuales no han sido pagados ni en todo ni en parte; que la única propiedad de algún valor perteneciente al demandado Charles Borda antes de enero 21, 1932, era un tercio en común pro indiviso en la Hacienda "Esperanza," radicada en el Barrio Punta y Boca del término municipal de Manatí e inscrita en el Registro de la Propiedad de Arecibo; que en 21 de enero de 1932, el demandado Charles Borda vendió y traspasó todos sus derechos, título e interés en la referida finca a su esposa Margaret Borda, por el alegado precio de $1 "and other considerations," inscribiéndose el título a favor de Margaret Borda; que el citado traspaso de Borda a su esposa fué hecho sin que mediara causa alguna y otorgado con el único objeto de defraudar a su acreedor Baettenhaussen y a otros acreedores y para evitar el pago de una sentencia de la Corte Suprema del Estado de Nueva York registrada en noviembre 24 de 1931, en favor de Juan Quaremba y en contra de Charles Borda, por $26,477.55, intereses y costas; que en junio 29, 1932, el citado Juan Quaremba instituyó una acción ante la Corte de Distrito de Arecibo para dejar sin efecto el traspaso hecho por Borda a su esposa y trabó embargo sobre el tercio que a Borda corresponde en la Hacienda "Esperanza"; que para levantar ese embargo y transigir el pleito con Quaremba, Borda y su esposa otorgaron en agosto 10, 1933, una hipoteca sobre el referido condominio a favor del American Colonial Bank & Trust Co. of Porto Rico, para garantizar un préstamo de $38,000 el que utilizaron para pagar la reclamación de Juan Quaremba; que en la misma fecha los esposos Borda otorgaron otra escritura por la que vendieron y traspasaron al American Colonial Bank & Trust Co. el citado condominio, para que lo retuviera "in trust" (fideicomiso) y aplicara las rentas del mismo al pago de los intereses y plazos de la hipoteca a su favor y al pago de cierta deuda en favor de los herederos de Wenceslao Borda; que el citado Banco ha venido pagando las deudas de acuerdo con el convenio de fideicomiso, entregando el balance de las rentas a Margaret Borda,

y desde la muerte de ésta al demandado Carlos Borda, para uso de él y de sus hijos; que el traspaso *in trust* fué otorgado con el propósito de defraudar a su acreedor Baettenhaussen; y por último, que la única propiedad o bienes de cualquier naturaleza pertenecientes a y poseídos por el demandado Carlos Borda, que pudieran ser aplicados al pago de su deuda a Baettenhaussen es el condominio de una tercera parte indivisa en la Hacienda "Esperanza."

Los demandantes piden sentencia por la que se declare (*a*) que la escritura de traspaso de Borda a su esposa y la de fideicomiso a favor del American Colonial Bank & Trust Co. son nulas por haber sido otorgadas en fraude de acreedores; y (*b*) que el demandado Charles Borda es el único dueño legal del condominio en cuestión, sujeto únicamente a los derechos del American Colonial Bank & Trust Co. como acreedor hipotecario. Piden además que se obligue a Borda a rendir cuenta de las sumas recibidas por él de Baettenhaussen, y que el referido condominio sea vendido en pública subasta para satisfacer el importe de la deuda reclamada por los demandantes, más las costas, incluyendo en ellas honorarios de abogado.

Emplazado The American Colonial Bank & Trust Company of Porto Rico, radicó excepciones previas a la demanda y solicitó que el caso fuese trasladado a la Corte de Distrito de San Juan. Los fundamentos de la moción de traslado fueron: (1) que la acción que se ejercita es personal, en cobro de dinero; (2) que The American Colonial Bank & Trust Co. es una corporación doméstica, con su oficina principal en San Juan, y que ninguno de los otros demandados reside en el Distrito Judicial de Arecibo; y (3) que para mayor conveniencia de los abogados y de los testigos que habrán de declarar en el caso, el juicio debe celebrarse en San Juan.

En julio 31, 1937, la Corte de Distrito de Arecibo ordenó el traslado a la Corte de Distrito de San Juan, por entender que ése es el tribunal competente para conocer del caso. Los demandantes apelaron.

Se imputa a la corte inferior como único error el haber resuelto que la acción que se ejercita en el presente caso no está comprendida en ninguno de los casos previstos por el artículo 75 del Código de Enjuiciamiento Civil y que el artículo 81 del mismo código era aplicable.

El artículo 75 del Código de Enjuiciamiento Civil, en lo pertinente lee así:

"Artículo 75.—(392 Cal.)  Deberán substanciarse en el distrito en que radique el objeto de la acción, o parte del mismo, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, a tenor de lo dispuesto en este Código, los pleitos que se sigan por las causas siguientes:

"1. Para recobrar la posesión de bienes raíces o de una propiedad o interés en la misma, o para determinar en cualquier forma dicho derecho o interés, y por daños causados a propiedad inmueble."

La resolución del presente recurso depende de la clasificación que hagamos de la acción que se trata de ejercitar.

Acción personal (*actio in personam*) es la que se ejercita contra una persona determinada, basándose en una responsabilidad personal o aquélla en que se pide un remedio en contra de la violación de un derecho personal.

Acción real (*actio in rem*) es la que se ejercita contra la cosa misma, con el propósito de determinar su *status* o condición.

El término *quasi in rem* se aplica a aquellos procedimientos que no son estrictamente *in rem,* que son instituídos contra el demandado personalmente, pero cuyo verdadero objeto es el de someter una propiedad determinada al pago de una obligación.  Véanse: 1 C. J., secs. 5 y 6, pág. 929; *Holcomb* v. *Kelly,* 114 N. Y. S. 1048, 1051; *Cunningham* v. *Shanklim,* 60 Cal. 118, 125.

Al decretar el traslado del caso al Distrito de San Juan, la corte inferior basó su resolución en la jurisprudencia sentada por la Corte Suprema de California en *Beach* v. *Hodgdon,* 66 Cal. 187, y en *Woodbury* v. *Nevada, etc. Ry. Co.,* 120

Cal. 463, y por esta Corte Suprema en *Balbás* v. *Luce & Company, S. en C.*, 47 D.P.R. 936. Examinemos dichos casos.

En *Beach* v. *Hodgdon*, supra, la acción fué entablada por un acreedor que había obtenido sentencia a su favor, para anular ciertas escrituras otorgadas fraudulentamente por el demandado Hodgdon al otro demandado Hildreth y para someter las propiedades al pago de la sentencia. El pleito fué radicado en un condado distinto de aquél dentro del cual estaban situadas las propiedades. El tribunal se expresó así:

"Ésta no es una acción para ejecutar un gravamen sobre propiedad inmueble, sino una demanda en ayuda de una ejecución, para anular dos traspasos hechos por el deudor de la sentencia, por el fundamento de haber sido otorgados fraudulentamente. Por lo tanto, las disposiciones de la actual Constitución que requieren que las acciones para la ejecución de gravámenes sobre inmuebles deben ser incoadas en el condado en que los inmuebles estén situados, no es aplicable."

En *Woodbury* v. *Nevada, etc. Ry. Co.*, supra, el demandante había radicado demanda en cobro de dinero ante la corte del Condado de Los Angeles y obtenido una orden de embargo dirigida al *sheriff* del Condado de San Bernardino, en virtud de la cual dicho funcionario embargó bienes inmuebles de la compañía demandada radicados en dicho Condado de San Bernardino. El demandante obtuvo sentencia a su favor, la que no pudo ser ejecutada por no encontrarse bienes del deudor. Antes de iniciarse el pleito, la compañía demandada había otorgado una hipoteca sobre todas sus propiedades. El demandante, después de exponer los hechos precedentes, en una demanda interpuesta ante la misma Corte de Los Angeles alegó que la hipoteca otorgada por la demandada era fraudulenta y nula y solicitó que la propiedad hipotecada, radicada en San Bernardino, fuese vendida para satisfacer su sentencia. Así lo decretó la Corte y la compañía demandada apeló, alegando que la Corte del Condado de Los Angeles carecía de jurisdicción sobre el objeto o materia de la acción, por estar las propiedades radicadas en el Condado de San Bernardino.

Al confirmar la sentencia, la Corte Suprema de California se expresó así:

"La presente acción es por su naturaleza una demanda de un acreedor para que se remueva una obstrucción para la ejecución de sentencias a favor del demandante y en contra de la compañía ferroviaria demandada, que existe por razón de una hipoteca otorgada por la demandada a favor de su codemandada, y que el demandante alega es fraudulenta y nula en cuanto a él. La Corte Superior del Condado de Los Ángeles tenía jurisdicción de la acción original contra la compañía ferroviaria, y en aquella acción la propiedad en cuestión fué puesta bajo la custodia del *sheriff* del Condado de San Bernardino, en virtud de órdenes de embargo y de ejecución libradas en dicho caso, y, como la Corte está autorizada para ordenar la venta de esa propiedad con el fin de satisfacer las sentencias que ella ha dictado, tiene también jurisdicción para impedir o remover cualquiera obstrucción que el deudor de la sentencia trate de colocar en el camino de la ejecución de tales sentencias. La misma cuestión fué presentada en *Beach* v. *Hodgdon,* 66 Cal. 187. . .''

Los dos casos precedentes fueron citados y aplicados en *Wood* v. *Thompson,* 5 Cal. App. 247, y *Alpha H. & S. Co.* v. *Ruby Mines Co.,* 97 Cal. App. 508, 512, expresándose así la corte en el último caso:

"En cuanto a la objeción del apelante de que esta acción debió haberse incoado en Sierra County, somos de opinión que el verdadero propósito y objeto de esta acción, según se alega en la cláusula sexta de la demanda, era anular y cancelar el pagaré y la escritura de fideicomiso, los que, según se alega en dicha cláusula, fueron otorgados con el propósito de defraudar al apelante y a sus cesionarios, quienes eran acreedores de dicha Ruby Mines Co. Las disposiciones de la Constitución que requieren que las acciones para la ejecución de gravámenes sobre bienes inmuebles deben ser incoadas en el condado en que la propiedad esté situada no es aplicable a una acción entablada por un acreedor para anular un traspaso hecho por un deudor de una sentencia, por causa de fraude.''

En *Balbás* v. *Luce & Co.,* supra, esta Corte Suprema sostuvo que cuando un demandante acumula dos acciones, una local y otra transitoria, en una sola demanda, si surge la cues-

tión de competencia la acción en su totalidad debe ser considerada como transitoria, especialmente cuando la causa de acción transitoria es la predominante; pero si la causa de acción local no sólo es predominante sino fundamentalmente esencial a la causa de acción transitoria, en ese caso la acción debe ser considerada en su totalidad como una acción local.

Los demandantes en el presente caso han acumulado en su demanda dos causas de acción distintas. En la primera, tratan de obtener sentencia por la que se condene a los demandados a pagar el importe de los préstamos hechos por Baettenhaussen a Borda, acción que es por su naturaleza personal y transitoria. En la otra, tratan de anular traspasos hechos por el demandado Charles Borda a su esposa y al Banco demandado, por considerarlos fraudulentos, para que la propiedad enajenada revierta a su alegado dueño Charles Borda y pueda ser vendida para satisfacer la sentencia que en su contra se dictare en la primera causa de acción. Esta segunda causa de acción es por su naturaleza una acción *quasi in rem*.

A nuestro juicio, la acción predominante en este caso es la personal y transitoria, en cobro de los pagarés otorgados por Charles Borda a favor de Baettenhaussen. La reclamación de los demandantes no ha sido aún reducida a sentencia. Por lo menos la demanda no alega que se haya obtenido sentencia en contra del deudor Borda. Siendo eso así, los demandantes tendrían que establecer como fundamentos esenciales de la acción sobre nulidad de traspasos que los pagarés fueron otorgados, que no han sido satisfechos y que ellos, los demandantes, tienen derecho a exigir el pago. En otras palabras, la acción de nulidad de traspasos no puede existir ni prosperar si no se establece previamente la acción personal en cobro de dinero.

De acuerdo con la jurisprudencia que hemos comentado y habida cuenta de que del récord ante nos no aparece que con anterioridad a la orden de traslado la Corte de Distrito de Arecibo hubiese obtenido jurisdicción, mediante embargo, so-

bre la propiedad que se alega fué traspasada fraudulentamente, ni sobre las personas de los otros demandados mediante notificación personal del emplazamiento, debemos resolver, como resolvemos, que la corte inferior no erró al ordenar el traslado solicitado.

*La resolución recurrida debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.